241 So.2d 67 (1970)
Dudley HOFFPAUIR, Plaintiff-Appellant,
v.
CITY OF CROWLEY, Defendant-Appellee.
No. 3202.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1970.
Rehearing Denied December 3, 1970.
Writ Refused January 18, 1971.
*68 Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, for plaintiff-appellant.
Joseph S. Gueno, Jr., Crowley, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
HOOD, Judge.
Plaintiff, Dudley Hoffpauir, instituted this suit against the City of Crowley to recover a sum of money alleged to be due him as "sick leave" benefits under the provisions of LSA-R.S. 33:2214(B). Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
There is no dispute as to any of the pertinent facts. Hoffpauir suffered a heart attack on May 27, 1969, while in the performance of his duties as a policeman for the City of Crowley. He has been disabled continuously since that time. The city paid him his full salary from the date of the accident until September 30, 1969, a period of a little more than four months.
On September 1, 1969, after Hoffpauir had become disabled, his salary was increased from $435.00 to $540.00 per month, and he received one month's pay at that increased rate.
On September 30, 1969, the Board of Trustees of the Police Pension Fund of the City of Crowley, Louisiana, met for the purpose of deciding "whether or not to put Captain Dudley Hoffpauir on disability retirement, as recommended by Dr. Cecil G. Edwards and based on a report of Dr. Martin Samson." At that meeting a motion was made, seconded and adopted that plaintiff "be retired, subject to re-evaluation at six month intervals." From and after the date on which that action was taken, plaintiff has received no further payments from the City of Crowley, but he has received from the Police Pension Fund monthly payments of two-thirds of his average monthly salary for the previous twelve month period. His payments from the Pension Fund have amounted to $314.42 per month.
Plaintiff instituted this suit against the City of Crowley, demanding judgment against that defendant for "the full sick leave benefits since the onset of his disability to date, legal interest on the overdue payments, costs of court and reasonable attorney's fees." As already noted, judgment on the merits was rendered by the trial court in favor of defendant, and this appeal was taken by plaintiff from that judgment.
Plaintiff contends that he is entitled to receive from the City of Crowley his full salary, as "sick leave" benefits, for a period of 52 weeks after the date he became disabled, all as provided by LSA-R.S. 33:2214 (B). He takes the position that after he *69 will have received his full salary for that period of time, then he thereafter will be entitled to receive from the Police Pension Fund two-thirds of his average monthly salary, as provided in LSA-R.S. 33:2234. In a written brief submitted in behalf of plaintiff, it is argued "that a policeman is entitled to fifty-two (52) weeks full salary sick leave following which, if he is still disabled, he is entitled to retirement under the provisions of 2234."
Defendant contends that the Board of Trustees of the Police Pension Fund was required by the provisions of LSA-R.S. 33:2234 to retire plaintiff when the board found him to be disabled while in the performance of his duties, and that pursuant to the mandatory provisions of that statute the board did retire plaintiff on September 30, 1969. It asserts that upon plaintiff's retirement his right to receive further payments from the city ceased, and that thereafter he was relegated solely to the retirement benefits provided by LSA-R.S. 33:2234 to be paid from the Police Pension Fund.
The issue presented, therefore, is whether plaintiff is entitled to receive from the City of Crowley his full salary for 52 weeks as sick leave benefits under LSA-R.S. 33:2214(B), or whether the city is obligated to pay him such benefits only from the time he became disabled until the date on which he was formally retired pursuant to the provisions of LSA-R.S. 33:2234, a period of about four months. Both parties concede that eventually, after the expiration of one of the two above-mentioned periods of time, Hoffpauir is entitled to receive retirement benefits from the Police Pension Fund amounting to two-thirds of the highest average monthly salary for any continuous twelve month period of time worked prior to retirement.
The pertinent part of LSA-R.S. 33:2214 (B), as amended by Act 97 of 1968, provides:
"B. Each employee of the police departments of the municipalities covered by this Sub-part shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two (52) weeks during any calendar year when the conditions actually warrant. Any police department employee who draws such full pay during sick leave shall have such pay decreased by the amount of workmen's compensation benefits actually received by such employee." (Emphasis added)
LSA-R.S. 33:2234, as last amended by Act 148 of 1966, provides in part that:
"The board shall retire from service in the police department any member of the department found by a majority vote of the board to have become physically or mentally, permanently or temporarily, disabled while in the performance of his duties, as determined by the report of the department physician, and shall place the retired member on the pension or relief roll. * * * The amount of the pension or relief shall be two-thirds of the highest average monthly salary for any continuous twelve month period of time worked prior to retirement, but shall not be less than $100 per month. * *" (Emphasis added)
The provisions of each of the above-quoted statutes are mandatory, and it appears from a casual reading of them that one is repugnant to the other. One section requires that a disabled policeman be given his full pay for 52 weeks as a sick leave benefit. The other provides that he shall be retired when found to be disabled, and thereafter he shall receive only two-thirds of his average monthly salary.
Both parties to this suit contend primarily that the provisions of these two statutes are not conflicting and that they can be reconciled. They disagree, however, as to the interpretation which should be placed on them. Plaintiff argues that the legislative intent was to give the disabled policemen a sick leave benefit, consisting of his full salary for 52 weeks, and thereafter to provide him with retirement benefits of two-thirds of his average *70 monthly salary. Defendant contends that LSA-R.S. 33:2234, providing for retirement benefits, applies only to a policeman who becomes disabled "while in the performance of his duties," and that LSA-R.S. 33:2214(B), providing for sick leave benefits, applies only to a policeman who becomes disabled while not engaged in the performance of his duties.
It is a settled rule of law that in the construction or interpretation of laws, courts must give effect to all statutory provisions when possible. There is a presumption that every word, sentence or provision in an act is intended to serve some useful purpose, and that no unnecessary words or provisions were used. LSA-C.C. art. 17; Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952); Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964); Jarrell v. Gordy, 162 So.2d 577 (La.App. 3 Cir. 1964).
The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other statutory provisions. LeGros v. Conner, 212 So.2d 177 (La.App. 3 Cir. 1968.)
We have considered the provisions of LSA-R.S. 33:2214(B) and LSA-R.S. 33:2234 with these rules in mind, and have concluded that the statutes, when reasonably and logically construed, are not repugnant to each other. We believe that the construction which plaintiff has placed on these sections of the Revised Statutes is reasonable, that it carries out what we consider to be the intent of the Legislature, and that it serves to harmonize and reconcile these statutes.
When LSA-R.S. 33:2214(B) was last amended in 1968, the Legislature presumably had full knowledge of the existing provisions of LSA-R.S. 33:2234 relating to retirement. If it had intended that the first cited section, relating to sick leave benefits, was to apply only to policemen who are disabled while not in the performance of their duties, we think such a provision would have been included in that section, and particularly in the amendment which was enacted just two years ago. The fact that no such provision was included in Section 2214(B), and that there is nothing in the statute which excludes policemen injured while on duty, indicates to us that the Legislature intended for it to apply to all employees of the police department, whether or not the disability occurred while in the performance of their duties.
LSA-R.S. 33:2214(B) contains a provision that the employee who draws full pay during sick leave "shall have such pay decreased by the amount of workmen's compensation benefits actually received by such employee." We presume that the Legislature believed, as we do, that a policeman ordinarily would not be entitled to workmen's compensation benefits unless he sustains a disabling injury during the scope and course of his employment. The fact that such a provision was included in Section 2214(B), as amended in 1968, indicates that the Legislature intended that sick leave benefits should be payable to policemen who might be entitled to workmen's compensation benefits, and thus to employees of the police department who sustain disabling injuries while in the performance of their duties.
The evidence shows that plaintiff actually received his full salary as "sick leave" benefits from the date he became disabled, on May 27, until September 30, 1969. The records of the defendant city show that Hoffpauir was on "sick leave" during that *71 time. And, sometime prior to the date plaintiff became disabled, another employee of the police department, Wilfred Meche, received his full salary as "sick leave" benefits for several months after he became disabled, although his disability also occurred while in the performance of his duty. The fact that sick leave payments were made by the city in these two instances, where the employees were disabled while in the performance of their duties, indicates that the defendant also has interpreted LSA-R.S. 33:2214(B) as being applicable, at least to some extent, in cases where the policeman becomes disabled while on duty. In any event, the action of the city in paying sick leave benefits in those two cases was inconsistent with the position which the defendant takes here.
Our conclusion is that LSA-R.S. 33:2214(B), providing for sick leave benefits, applies to an employee of the police department who becomes disabled "while in the performance of his duties." It thus is applicable to plaintiff in this case. LSA-R.S. 33:2234, of course, by its own specific provisions, also applies to a policeman who becomes disabled while in the performance of his duties.
Having concluded that both of the cited sections of the Revised Statutes are applicable to plaintiff's claim here, we turn to defendant's argument that the sick leave benefits provided in Section 2214(B) must be terminated the moment he is retired under Section 2234. Defendant reasons that after plaintiff was retired he was "no longer a member of the police department and is, therefore, not entitled to either leave or pay from such department."
If we should adopt defendant's construction of these sections of the Revised Statutes, in order to harmonize and reconcile them, such an interpretation would have the effect of practically writing out of the first cited section the provision that the employee "shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two (52) weeks * * *" And, that is the most important provision in that section. The result of such a construction would be that the disabled policeman, who became disabled while performing his duties, would receive his sick leave benefits only until he is "found by a majority vote of the board" to have become disabled. The length of time during which he could receive sick leave benefits would depend entirely on the will of the board, and the statutory guaranty of full pay for 52 weeks would mean nothing. We do not think the Legislature intended for the act to have that effect.
We find no merit to the argument that plaintiff is barred from receiving sick leave pay after September 30, 1969, on the ground that thereafter he was not a member of the police department. For the purpose of determining whether plaintiff is entitled to sick leave benefits for 52 weeks, we think it is immaterial whether or not he might be classified technically as a member of the police department during that period of time.
As we have already pointed out, courts are bound to interpret statutes in such a way as to carry out the intent of the Legislature. And, they must give effect to all statutory provisions when possible.
In our opinion, the construction which plaintiff has placed on the two sections of the Revised Statutes being considered here more nearly carries out the intent of the lawmakers than does the construction urged by defendant. We concede that there is some logic to defendant's arguments. Considering the fact that Section 2234 was in existence when the 1968 amendment to Section 2214(B) was enacted, however, we feel that the Legislature intended for a policeman who becomes disabled under the circumstances presented here should receive his full pay as sick leave benefits for a period of 52 weeks after he becomes disabled, even though he may be formally retired before the expiration of that period.
*72 Defendant argues, alternatively, that the courts have no right or authority to review the actions of the Board of Trustees of the Police Pension and Relief Fund. In support of that argument it relies on the case of Moffett v. Calcasieu Parish School Board, 179 So.2d 537 (La.App. 3 Cir. 1965), in which we held that generally the scope of judicial review of administrative agencies is limited to a determination of whether the action of the agency was: (1) In accordance with the authority and formalities of the statute; (2) supported by substantial evidence; or (3) arbitrary or an abuse of discretion.
We find no merit to this alternate argument urged by the defendant. In the first place, the Board of Trustees is not a party to this suit, and we are not "reviewing" or determining the validity of any action which it has taken. We are determining issues which have arisen between plaintiff and the City of Crowley. The question to be resolved here is whether the city is indebted to plaintiff for additional sick leave benefits in spite of, or in view of, the action which was taken by the Board of Trustees on September 30, 1969. If it should be determined that the city is obligated to plaintiff for the additional sick leave benefits, then the amount due must be paid from the general funds of the City of Crowley, not from the Police Pension Fund.
Secondly, the issues presented here involve the question of whether the city has acted "in accordance with the authorities and formality of the statute." The case relied on by defendant specifically lists such an issue as one which is subject to judicial review.
And, finally, if this case by any process of reasoning should be considered to be a review of the discretionary action of the Board of Trustees, then we must hold that any action taken by the board which is contrary to the provisions of the above-cited statutes is arbitrary and an abuse of discretion.
Defendant further points out that LSA-R.S. 33:2214(B) provides for sick leave benefits only "when the conditions actually warrant." It argues that conditions do not warrant the payment of sick leave benefits after the policeman has been formally retired and is drawing retirement pay. We think the words, "when the conditions actually warrant" were intended to refer to the employee's physical condition or disability, rather than to the fact that he may be eligible for retirement or that he may have been retired before the expiration of the 52 week period therein provided.
Our conclusion is that plaintiff Hoffpauir is entitled to receive from the City of Crowley his full pay, as "sick leave" benefits, for a period of 52 weeks from and after the date he became disabled, May 27, 1969. Since he has received his full pay from May 27 through September 30, 1969, he is entitled to recover from the city in this suit only the remaining balance, that is his full salary of $540.00 per month from October 1, 1969, until May 27, 1970.
For the reasons herein assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of plaintiff, Dudley Hoffpauir, and against defendant, City of Crowley, Louisiana, condemning said defendant to pay to plaintiff the sum of $540.00 per month from October 1, 1969, to May 27, 1970, with legal interest on each such payment from the date on which it became delinquent, until paid. The defendant-appellee is condemned to pay all costs of this suit, incurred in the trial court and on appeal, which may legally be assessed to it.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.