HOOD, Judge.
Plaintiffs, Tri-Parish Bank and Trust Company, First National Bank of Eunice and Acadiana Bank, instituted this action for a declaratory judgment against the City of Eunice and St. Landry Bank and Trust Company. Plaintiffs seek a judgment decreeing that the City of Eunice must select as its fiscal agent a bank which is domiciled in that city, and that it cannot select as the depository of its funds a bank which operates only a “branch bank” in Eunice. The trial judge rendered judgment declaring, in substance, that the City of Eunice could select as its fiscal agent any of the banks which are domiciled in the parishes of St. Landry or Acadia. Two of the plaintiffs, Tri-Parish Bank and Trust Company and First National Bank of Eunice, have appealed.
The issue presented is whether the City of Eunice is required by LSA-R.S. 39:1211, et seq., to select as its fiscal agent, or as the depository of its funds, a bank which is domiciled in that city.
Plaintiffs are banking corporations which are domiciled in Eunice. The City of Eunice is located partly in St. Landry Parish and partly in Acadia Parish. It also is located partly in the Seventh Congressional District and partly in the Eighth Congressional District. St. Landry Parish Bank and Trust Company, one of the defendants, is a banking corporation which is domiciled in the City of Opelousas, in St. Landry Parish. It maintains its principal place of business in Opelousas, but it also operates a “branch bank” in Eunice.
In May, 1976, the City of Eunice gave written notice that it would receive bids “for a Fiscal Agent to serve as such for a period of two years commencing July 1, 1976.” That notice was published in the official journal of the city, and a copy of it was given to each of the banks located in the parishes of St. Landry and Acadia, all as required by LSA-R.S. 39:1214. One such notice was given to the Eunice Branch of St. Landry Bank and Trust Company.
This suit was filed on May 12, 1976. Plaintiffs allege that a dispute exists between them and defendants as to the banks which the City of Eunice may select to serve as its fiscal agent, that they are entitled to a declaratory judgment decreeing that the city must select a bank domiciled in that city, and that St. Landry Bank and Trust Company should be made a party defendant because it could be affected by such a judgment.
The City of Eunice takes no position on the legal issues presented here. It merely submits the matter to the court for determination.
Defendant, St. Landry Bank and Trust Company, has submitted a bid to serve as fiscal agent for the City of Eunice, and it concedes that it could be affected by the judgment rendered herein. It contends that the City of Eunice may select as its fiscal agent any bank domiciled in either the parish of St. Landry or the parish of Acadia, and that it is not restricted to selecting a bank domiciled in Eunice. Actually, the defendant contends that the City of Eunice has authority to select any bank domiciled in the Seventh or Eighth Congressional Districts, but on this appeal it merely seeks to have the judgment of the trial court affirmed.
The trial judge rendered judgment declaring that the City of Eunice must give written notice of its intent to select a fiscal agent to each of the banks located in St. Landry and Acadia Parishes, that the city must consider bids submitted by any banks domiciled in those parishes, and that any bank domiciled in either of those parishes is legally entitled to act as the fiscal agent for the City of Eunice. It is from that judgment that the present appeal was taken.
The law governing the selection of a fiscal agent by a municipality is set out in Chapter 7, Title 39, of the Louisiana Revised Statutes (LSA-R.S. 39:1211, et seq.). The City of Eunice is a “Local Depositing Authority,” as that term is defined in LSA-R.S. 39:1211. Section 1214 and the first paragraph of Section 1220, of that Title, read as follows:
“1214. Bids to be invited
*1123 Local depositing authorities shall, within thirty days prior to the expiration of any contract that may be entered into under this Chapter, give written notice to each of the banks located in any parish which embraces all or any portion of the political subdivision in which the depositing authority is domiciled and for which it acts, setting forth the intention of the depositing authority to select a fiscal agency. This notice shall specify the time for which the fiscal agency contract shall be made and the conditions and terms of the fiscal agency contract proposed; and it shall invite bids under the terms and conditions of the proposal. A copy of the notice shall be published in the official journal of the depositing authority at least three times, the first notice to be published at least fifteen days preceding the date for the selection of the fiscal agency.”
“1220. Selection of depositories
Local depositing authorities shall, except as otherwise provided in this Chapter, select as the depositories of their funds, a bank domiciled in the parish or municipality or congressional district of the depositing authority, subject to the following conditions . . . .”
In interpreting a statute the function of the court is to give it the meaning the lawmakers obviously intended. Effect should be given to all statutory provisions when possible. There is a presumption that every word, sentence or provision in the act was intended to serve some useful purpose, and that no unnecessary words or provisions were used. The meaning and intent of a statutory provision is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature. LSA-C.C. arts. 16, 17 and 18; LeGros v. Conner, 212 So.2d 177 (La.App. 3 Cir. 1968); Hoffpauir v. City of Crowley, 241 So.2d 67 (La.App. 3 Cir. 1970).
We have examined LSA-R.S. 39:1211, et seq., with the above rules in mind, and have concluded that under the provisions of those sections of the Revised Statutes the City of Eunice must select as its fiscal agent a bank which is domiciled in that city.
LSA-R.S. 39:1220 provides that a municipality, such as the City of Eunice, shall select as the depository of its funds “a bank domiciled in the parish or municipality or congressional district of the depositing authority.” The interpretation placed on that statutory provision by defendants and by the trial court, that is, that the City of Eunice may select as its fiscal agent a bank domiciled anywhere in the parishes of St. Landry or Acadia, ignores the words “municipality or congressional district,” which appear in that section. It treats those words, and particularly the word “municipality,” as being totally unnecessary and as serving no useful purpose. We do not think the Legislature intended for those words to be meaningless. If it had intended the law to be as found by the trial judge, then we think' the statute would simply have authorized the selection of a bank domiciled in the parish which embraces any portion of the political subdivision. Certainly, there would have been no reason to include the word “municipality” in that section if the Legislature actually did not intend to require that a municipality select as the depository of its funds a bank domiciled in that political subdivision.
The defendant bank points out that Section 1214 requires a municipality not only to give notice to all banks located in the parish, but also to invite bids from all of those banks. It argues that Section 1214, when construed with Section 1220, shows that the Legislature intended that a municipality may select as its fiscal agent a bank which is domiciled anywhere within the parish which embraces a portion of that municipality. Its argument is that the Legislature would not have required municipalities to invite bids from other banks if it intended that none of those banks could serve as the fiscal agent for the municipality.
*1124 Although the argument made by defendants is persuasive, we have concluded that the provisions of Section 1214 can be reconciled with those of Section 1220, and that the enactment of the former does not indicate that the Legislature intended to authorize a municipality to select as its fiscal agent any bank in the parish.
LSA-R.S. 39:1217 provides, in substance, that in the event no bank domiciled in the municipality qualifies to serve as the fiscal agent of that political subdivision, then the city may make private arrangements and enter into written contracts for those services with other banks in the municipality “or as near thereto as practical.” It is apparent, therefore, that other banks, which are not domiciled in the municipality but are located near it, may have a valid interest in the selection of a fiscal agent for that municipality, since local banks may elect not to submit bids to serve as such. Also, the requirement that all banks in the parish be notified and invited to submit bids gives a bank not domiciled in the municipality an opportunity to challenge the qualifications of a local bank, if it has grounds to do so, thereby giving the challenging bank the possible opportunity of serving the city by contract under Section 1217. There are plausible reasons, therefore, for requiring that notices of intent to select a fiscal agent be given to all banks in the parish, although all such banks may not be eligible to serve as such, except under Section 1217.
We concede that the requirement in Section 1214 that the depositing authority invite bids from all banks in the parish indicates an intent on the part of the Legislature to permit a municipality to select any bank in the parish as its fiscal agent. We do not believe that that provision is sufficient, however, to overcome the provisions of Section 1220.
The interpretation placed on Section 1220 by defendant and by the trial court renders meaningless and unnecessary the words “or municipality,” as used in that section. Under that interpretation there could never be an occasion when a depositing authority would be required to select as the depository of its funds a bank domiciled in a municipality. The construction urged by plaintiffs, on the other hand, gives meaning and effect to all of the words and provisions of Section 1220, and it also gives effect to all of the provisions of Section 1214.
In our opinion a fair reading of Section 1220, considering it with other pertinent statutory provisions and applying established rules of statutory construction, compels the conclusion that the Legislature intended to provide that a municipality must select as its fiscal agent a bank which is domiciled in that municipality. If the depositing authority is not a municipality, but it is a parish or a political subdivision located wholly within a parish, then it may select as its fiscal agent a bank which is domiciled anywhere in that parish. If the depositing authority is not a municipality, or a parish, or a state official or agency, and its geographical area extends over more than one parish, then we think Section 1220 authorizes it to select as its fiscal agent a bank which is domiciled in the congressional district of the depositing authority. That construction or interpretation of LSA-R.S. 39:1220, we believe, is consistent with the presumption required by law that every word, sentence or provision of the act is intended to serve some useful purpose, and that no unnecessary words or provisions were used.
In the instant suit, we think the City of Eunice is required to give notice to each of the banks located in the parishes of St. Landry and Acadia, setting forth its intention to select a fiscal agency, and to invite bids from those banks, all as required by LSA-R.S. 39:1214. The fact that such a notice is required or is actually given, however, does not authorize the city to select as the depository of its funds a bank which is not domiciled in that city, except as otherwise provided in Chapter 7 of Title 39, of the Revised Statutes.
Our conclusion is that LSA-R.S. 39:1220 requires that, except as otherwise provided in Chapter 7 of Title 39 of the Revised Statutes, a municipality must select as the depository of its funds a bank which is *1125 domiciled in that municipality. The trial judge erred, therefore, in holding that the City of Eunice could select as its fiscal agent any of the banks which are domiciled in the parishes of St. Landry or Acadia.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered declaring that, except as otherwise provided in Chapter 7 of Title 39 of the Louisiana Revised Statutes, the City of Eunice is required by LSA-R.S. 39:1220 to select as its fiscal agent, or as the depository of its funds, a bank which is domiciled in that city, and that it is not authorized to select as its fiscal agent a bank which, although domiciled elsewhere, operates a “branch bank” in Eunice. The costs of this suit and of this appeal are assessed to defendant, St. Landry Bank and Trust Company.
REVERSED AND RENDERED.