YELVERTON, Judge.
Johnny Cryer applied to the City of Alexandria, through the Alexandria Police Pension and Relief Board, for disability retirement benefits. The Pension Board denied the application, finding Cryer ineligible for benefits because he did not become disabled *901 while in the performance of his duties. He then sued the City which responded with exceptions of no right or cause of action. The trial court sustained the exception of no cause of action and dismissed the suit.[1] We affirm.
The petition alleges that during his adolescent years, Cryer suffered a dislocation of a shoulder while riding a bull. In later years the dislocation recurred frequently and became increasingly more difficult to correct. Plaintiff joined the Alexandria Police Department as a Police Lieutenant on March 1,1968. The dislocation hindered the performance of his duties. For these reasons he underwent surgery in 1977 in an attempt to repair the problem. The surgery was unsuccessful and resulted in an even greater limitation of his shoulder. The petition alleges that because petitioner was unable to resume his duties as police lieutenant due to his physical incapacity, his employment was terminated in late 1978.
Based on these allegations Cryer contends that he was “disabled while in the performance of his duties”, as provided by La.R.S. 33:2234(A).
There are two retirement systems applicable to the Alexandria Police Department. The first one, known as the Police Pension and Relief Fund, was the only system in effect when plaintiff became a policeman in 1968. He was a member of that system throughout his ten years on the police force. Disability retirement under that system is provided by R.S. 33:2234(A), as follows:
“The board shall retire from service in the police department any member of the department found by a majority vote of the board to have become physically or mentally, permanently or temporarily, disabled while in the performance of his duties, as determined by the report of the department physician, and shall place the retired member on the pension or relief roll.” (emphasis supplied.)
Both the District Court and the Pension Board construed the underscored language “disabled while in the performance of his duties” to mean that to qualify, plaintiff must have become disabled as a result of an injury suffered while in the performance of his duties, i.e., the disability must have been caused solely by an injury in the line of duty. Since plaintiffs disability was not caused by an injury which occurred in the line of duty, but instead by an incident that occurred in his youth before he joined the department, the conclusion was reached that he was not eligible for retirement disability.
We agree with this interpretation. We cannot subscribe to the argument that the language “while in the performance of his duties” means no more than a temporal relationship between the disability and the job, or that plaintiff need establish no more than that he became disabled while employed. Although we find no case specifically interpreting this language, we find abundant evidence in other laws dealing with the numerous statewide retirement systems in this State that the Legislature is well aware of the distinction between disability that is job related and disability for any cause, and that the language in R.S. 33:2234 means just what it says: disability retirement is available only to one who becomes disabled from an injury while in the line of duty.
The meaning and intent of a statutory provision is to be determined by a consideration of its language and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in enacting it. Hoffpauir v. City of Crowley, 241 So.2d 67 (La.App. 3rd Cir.1970).
*902 This construction of the language of R.S. 33:2234 is reinforced by a consideration of the disability retirement provisions of the second system applicable to policemen in the City of Alexandria. This later system, known as the Municipal Police Employees Retirement System, was created in 1973. Under this system a member qualifies for disability benefits if he is found to be totally disabled (a) solely as the result of injuries sustained in the performance of his official duties, or (b) for any cause provided the member has at least five years of creditable service. La.R.S. 42:702(1) and R.S. 33:2376(B). Similar provisions are to be found in R.S. 42:702 applicable to the State Police Retirement Fund, the Firefighters’ Retirement System, and the Sheriffs’ Pension and Relief Fund, except that in the latter system ten years of creditable service is required before benefits are allowed for disability for any cause. The eligibility requirements for disability benefits for 16 statewide retirement systems are set out in R.S. 42:702. Not one of them allows disability for any cause before at least five years of creditable service has been earned.
Germane to the instant case, and indicative of the Legislative intent with regard to the definition of disability, we note the following language in the concluding paragraph of R.S. 42:702:
“Any disability claimed by a member of a state or statewide retirement system must have been incurred after commencement of service in the system with which the claim is filed. Disability claims shall not be honored in the case of preexisting conditions.”
Plaintiff seeks benefits only under R.S. 33:2234. The petition reveals that at the time he became disabled, he had more than five years creditable service. Since he does not seek to recover under the provisions of the retirement system later enacted allowing members of the department to receive disability benefits regardless of whether they were disabled during the performance of duty, provided they had served five years, it is obvious that plaintiff elected not to join the new system when it came into existence, but instead elected to remain under the benefits of the system in effect when he joined the department in 1968, R.S. 33:2234.
We conclude that no disability benefits are available, regardless of the years of service, to members of the Police Pension and Relief Fund System, unless disability is caused by an injury in the line of duty. The Municipal Police Employees Retirement System, on the other hand, broadens the scope of protection to its members with five or more years of service credit. While the eligibility requirements under the new system are less limiting than under the old system, we note that the percentage of pay contribution required of members under the new system is higher than the contribution under the old system. Perhaps this is the reason why plaintiff elected to remain in the old pension system. Whatever the reason, he elected to remain in the Police Pension and Relief Fund System and his rights are confined to its provisions. We are powerless to give the statute a construction contrary to its plain language. Accepting the allegations of the petition as true and giving the petition the most liberal construction, nevertheless we agree with the District Court that plaintiff did not become disabled while in the performance of his duties, and his suit was properly dismissed. The actuarial integrity of the pension fund commands this result.
The judgment of the trial court dismissing plaintiff’s suit is affirmed. Costs of appeal are to be paid by plaintiff.
AFFIRMED.
DOUCET, J., dissents and assigns written reasons.

. The formal judgment indicates that the dismissal was based on the sustaining of an exception of no right of action. However, this was clearly an inadvertence or typographical mistake, since a colloquy in the record between court and counsel indicates that the court recognized plaintiff had an interest in the right asserted and that he had a right of action. Therefore, we address the exception of no cause of action.