KLEES, Judge.
This appeal was initiated by Charles J. Imbornone to review a ruling of the Civil Service Commission of the City of New Orleans finding that it was proper for the Superintendant of Police to involuntarily retire him under Rule IX of the Civil Service Commission.
Charles J. Imbornone, plaintiff, joined the New Orleans Police Department on March 6, 1967, and over the years he had risen to the rank of sergeant.
On February 19, 1983, Sergeant Imbor-none was injured on duty while subduing a suspect. Plaintiffs injury was diagnosed as soft tissue strains involving the neck and low back region. Thereafter, plaintiff was placed on injured on duty leave. In December, 1983, plaintiffs physician diagnosed plaintiff as having a five (5%) percent residual disability about the whole body as a result of his injuries, and stated that plaintiff would never be capable of returning to his normal duties as a police officer.
The Superintendant of Police, on December 6,1983, sent a letter to plaintiff informing him of the diagnosis. The letter additionally stated that since plaintiff was eligible for retirement he was given until January 15, 1984 to take his pension. Plaintiff failed to take any action by January 15, 1984, and the Superintendant involuntarily retired plaintiff as of that date under Rule IX of the Civil Service Commission. Plaintiff appealed to the Civil Service Commission for the City of New Orleans. After a hearing before a Commission Hearing Examiner, the Civil Service Commission dismissed the appeal. Plaintiff now asks us to review that decision.
Plaintiff contends that, because of his involuntary retirement, he was improperly forced to accept a voluntary retirement pension under LSA-R.S. 33:2293.1 rather than a disability pension as provided in LSA-R.S. 33:2292, to which he was entitled because he was injured on duty. We agree.
*276 From our view of the record, we find that the actions of the Superintendant involuntarily retiring plaintiff under Rule IX of the Civil Service Rules were clearly wrong. Rule VIII Section 2.1(E)(3) of the Civil Service Rules is applicable to the instant case. Rule VIII, Section 2.1(E)(3) states in part:
If the employee’s condition is determined to be permanently disabling, and prevents the employee from ever returning to work, the appointing authority must recommend that the employee be placed on disability retirement.
The Superintendant received notice from plaintiff’s physician in December, 1983, stating that, because of his injuries, plaintiff would never be capable of returning to his normal duties as a police officer. It was this diagnosis which prompted the action of the Superintendant in involuntarily retiring plaintiff. The Su-perintendant was wrong to initiate the process of involuntary retirement since plaintiff clearly falls within the parameters of Rule VIII, Section 2.1(E)(3). We hold that the Superintendant was mandated by Rule VIII, Section 2.1(E)(3) of the Civil Service Rules to recommend that plaintiff be placed on disability retirement. Pending action on that recommendation, the Super-intendant had no authority to order an involuntary retirement.
Plaintiff further contends that sick leave benefits due to injuries sustained in the line of duty of which he was entitled under LSA-R.S. 33:2214(B), and under Rule VIII, Section 2.1(d)(1) and Section 2.1(d)(2) of the City Civil Service Rules were wrongfully terminated upon his involuntary retirement. Plaintiff contends that Hoffpauir v. City of Crowley, 241 So.2d 67 (La.App. 3rd Cir.1970) writ denied, 257 La. 458, 242 So.2d 578 (La.1971), is directly applicable in this situation.
We disagree with plaintiff’s interpretation of Hoffpauir, supra. Hoffpauir, supra, involves the interpretation of LSA-R.S. 33:2214(B) which is a state law. Plaintiff, as a member of the New Orleans Police Department, is governed by the Rules of the Civil Service Commission instead of state law. The benefits of LSA-R.S. 33:2214(B) are mandatory in that the language of the statute states that:
Each employee of the police departments of the municipalities covered by this sup-part shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two (52) weeks during the calendar year when the conditions actually warrant ... (Emphasis supplied)
Whereas, Rule VIII, Section 2.1(d)(1) and Section 2.1(d)(2) of the Civil Service Rules state:
(d)(1) When an employee of the New Orleans Police Department sustains accidental bodily injury while actively engaged in law enforcement duties and as a direct result of circumstances that are unique to law enforcement, such employee may be granted sick leave with pay which will not diminish his or her ordinary sick leave accumulation, simultaneously with the benefit provisions of the State of Louisiana Workmen’s Compensation statutes, provided such leave is recommended by the Superintendent of Police and is requested of and approved by the Director of Personnel of the Department of Civil Service. (Amended' August 9, 1979).
(2) It is the specific intention of this subsection to provide additional benefits to law enforcement officers who have exposed themselves to danger unique to law enforcement. However, in no instance shall an employee receive combined monetary benefits under this section, which are greater than the employee’s normal rate of pay. The total benefits under this subsection for an occurence resulting in accidental bodily injury and for any medically certified recurrence or recurrences of symptoms thereof shall not exceed 52 weeks (365 calendar days). (Amended August 9, 1979). (Emphasis supplied)
Certainly there is a distinction between “shall be entitled to ... sick leave” under LSA-R.S. 33:2214(B) and “may be granted sick leave” under Rule VIII, Sections *277 2.1(d)(1) and 2.1(d)(2) of the Civil Service Rules. For this reason, we find that Hoffpauir, supra, is distinguishable from the instant situation. However, since plaintiff at the time of the improper involuntary retirement was receiving this sick leave pay under Rule VIII, Sections 2.1(d)(1) and 2.1(d)(2) of the Civil Service Rules, and in the absence of action to terminate this benefit, we find that he is entitled to receive any sick leave remaining under this section from January 15, 1984 until such benefit is exhausted.
In view of our holding that the involuntary retirement was improper we need not address plaintiffs other assignment of error.
Accordingly for the reasons expressed above, we reverse the decision of the Civil Service Commission. We order that plaintiff be reinstated to his status as injured on duty retroactive to January 15, 1984. We further order that the Superintendent of Police in accordance with Rule VIII of the Civil Service Rules, must recommend to the Board of Trustees of the Police Pension fund for the city of New Orleans that plaintiff be placed on a disability pension since he was injured on duty. Plaintiff is further entitled to receive any remaining sick leave benefits under Rule VIII, 2.1(d)(1) and 2.1(d)(2) from January 15,1984 until the effective date of notice of termination of same. Upon reinstatement to his injured on duty status plaintiff is ordered to refund to the Pension Board all sums he has previously been paid as a result of his involuntary retirement.
REVERSED.