Dear Mayor Powell:
This office is in receipt of your opinion request of recent date where you ask us to consider whether a police officer may use his statutory sick leave for a transplant procedure to donate bone marrow to a family member. Specifically, you ask:
 (1) Are these the type of conditions that warrant sick leave with full pay?
 (2) Does LSA-R.S. 33:2214(B) apply to medical procedures not necessitated by illness or injury to a police officer?
Your inquiry directs us to LSA-R.S. 33:2214 which states:
 B. (1) Each employee of the police departments of the municipalities covered by this Subpart, except the city of Westwego, shall be entitled to and given with full pay a sick leave aggregation not less than fifty-two weeks during any calendar year when the conditions actually warrant. Any police department employee who draws such full pay during sick leave shall have such pay decreased by the amount of worker's compensation benefits actually received by such employee.
The issue of when "conditions actually warrant" was addressed in Hoffpauir v. City of Crowley, 241 So.2d 67
(La.App. 3rd Cir. 1970.) The case determined that `when conditions actually warrant' applies to an officer's physical condition or disability, "whether or not the disability occurred within the performance of the officer's duties."Hoffpauir, supra, at page 70.
In Attorney General Opinion 93-677 this office concluded that the granting of sick leave is subject to any reasonable local rules, regulations or policies established by the municipality or the municipal police department. This would allow the municipality to adopt the granting of sick regulations concerning leave for procedures not necessitated by illness or injury. LSA-R.S. 33:2214(B). Be advised, however that this office concluded in Attorney General Opinion 91-211 that § 2214(B) applies to a pregnancy and subsequent time off as long as conditions warranted such leave, even though maternity is not a procedure necessitated by illness or injury. Any local regulations that would limit the granting of sick leave to procedures that are not necessitated by illness or injury, but are nonetheless necessary, would be determined to be an unreasonable regulation.
We believe that the type of conditions under consideration here are those which warrant the granting of sick leave insofar as the conditions would require absence from work, despite the fact that the procedure may in some manner be deemed elective. We are further of the opinion that the officer is entitled to continue to utilize such sick leave until such time as a physician concludes he is able to return to his employment.
Finally, note that in any event the officer is at least entitled to a total of 12 workweeks of unpaid leave under the federal family and medical leave act, 29 USCA 2612, which pertinently provides:
(a) In general
(1) Entitlement to leave
 Subjects to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period for one or more of the following:
 (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
 (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
 (C) In order to care of the spouse, or a son, daughter, or parent of the employee, if such spouse, son, daughter, or parent has a serious health condition.
 (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
* * * * *
(c) Unpaid leave permitted
 Except as provided in subsection (d) of this section, leave granted under subsection (a) of this section may consist of unpaid leave. Where an employee is otherwise exempt under regulations issued by the Secretary pursuant to section 213 (a)(1) of this title, the compliance of an employer with this subchapter by providing unpaid leave shall not affect the exempt status of the employee under such section. (Emphasis added).
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL