Dear Mr. Bellard:
You raise the following hypothet in your correspondence to this office:
 A fireman or a police officer took a year of sick leave for a back injury. This injury occurred and the leave was taken five years ago. The injury has reoccurred. Does it matter whether the injury occurred while the individual was on-duty or off-duty? Is that employee entitled to another year of sick leave?
R.S. 33:1995 authorizes sick leave for firemen and provides:
 § 1995. Sick leave
 Every fireman in the employ of a municipality, parish or fire protection district to which this sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
R.S. 33:2214 authorizes sick leave for policemen and pertinently provides:
 § 214. Annual vacation; sick leave; recovery from third persons
 * * * * *
 B. (1) Each employee of the police departments of the municipalities covered by this Subpart, except the city of Westwego, shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two weeks during any calendar year when the conditions actually warrant. Any police department employee who draws such full pay during sick leave shall have such pay decreased by the amount of worker's compensation benefits actually received by such employee.
A fireman is entitled to sick leave benefits even though the injury or illness may have occurred while he was off-duty. See Attorney General Opinion 87-295. The same rule applies to policemen. See Attorney General Opinions 78-1379 and 80-471.
Attorney General Opinion 81-286 is responsive to the second part of your inquiry. R.S. 33:2214(B) limits the fifty-two week period of sick leave to one calendar year. In contrast, R.S. 33:1995
makes no such limitation. Thus, as per this office in Opinion 81-286, "if after complete recuperation and return to active service the fireman is taken ill or incurs serious injury, he would be again entitled to the benefit provided at Section 1995."
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
OPINION NUMBER 78-1379
November 16, 1978
71 — MUNICIPALITIES 71-1-1 MUNICIPAL FIRE POLICE 107 — SHERIFFS
Sick benefits provided in R.S. 33:2214 are in addition to benefits provided under civil service law. R.S. 33:221 R.S. 33:2211
Mr. Lloyd R. Walters City Attorney 747 Roberts Road P.O. Drawer Q Slidell, Louisiana 70459
Dear Mr. Walters:
Your letter addressed to this office has been referred to the undersigned for attention and reply. Therein, you posed the following questions regarding the application of R.S. 33:2211
et seq., to sick leave taken by police employees in Slidell:
1. What conditions of illness allow an employee to use the sick leave defined in the statute?
2. May the sick leave be used for any and all illness, including short term illnesses, such as colds, flu, etc.?
3. May the sick leave be used for illness or injury received while an employee if off duty?
4. Does the statute require that police departments pay the entirety of the sick leave out of their operating budgets if workmen's compensation does not apply?
5. Does the statute require that the fifty-two week sick leave be in addition to whatever sick leave benefits an employee accrues civil service, or does the statute intend the sick leave to be in place of civil service benefits?
6. If the sick leave defined under the statute is in addition to civil service benefits, must the civil service sick leave be exhausted before an employee is entitled to the sick leave defined by the statute?
In answering your first question, R.S. 33:2214, as amended, provides in subsection B that "Each employee of the police departments of the municipalities covered by this Sub-part shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two (52) weeks during any calendar year when the conditions actually warrant . . ." We concur with your opinion that the employee is entitled to the sick leave benefits if he is unable to perform his duties because of illness, injury or disease.
In answering your second question, it is also our opinion that there are no limitations under this statute in that the leave may be used for short term illnesses such as colds.
In answering your third question, it is our opinion that the sick leave benefits would cover an illness, injury or disease contracted while the employee is off duty if as the statute provides ". . . the conditions actually warrant . . ."
In answering your fourth question, it is our opinion that, if the benefits in question have been set aside in the budget for the police department, then the benefits should be paid out of that budget. If not, then the benefits should be paid out of the city's general fund.
In answering your fifth question, it is our opinion that the sick leave benefits provided in R.S. 33:2214 are in addition to any sick leave benefits provided under civil service law as stated in R.S.33:2217.
In answering your last question, since R.S. 33:2217 provides that "Nothing contained in this Sub-part shall repeal or supersede any civil service law", then if so provided, the employee must exhaust the civil service benefits first before becoming entitled to the benefits under R.S. 33:2214.
We trust that this is responsive to your questions. If further assistance is needed, please contact this office.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ ROBERT L. DANNER, JR. Assistant Attorney General
RLD, jr/saw
OPINION NUMBER 81-286
February 27, 1981
92-A-2(M). R.S. 33:1995
Fire fighter is entitled to 52 week period for sick leave period. No specific amount of time must be served on the job between sick leave periods. The 52 week sick leave period is not restricted to one calendar year.
Mr. Willie Miller, Fire Chief East Baton Rouge Parish P.O. Box 96 Baton Rouge, Louisiana 70821
Dear Chief Miller:
Reference is made to your letter dated February 23, 1981, which requested our opinion with regard to the construction of R.S.33:1995.
 R.S. 33:1995 provides:
 Every fireman in the employee of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
More specifically, in regard to the construction of this provision, you have asked these questions:
 1. How much time must an employee work between illnesses before he qualifies for another fifty-two (52) weeks?
 2. Does the fifty-two (52) weeks mean fifty-two (52) weeks total during the employee's tenure?
 3. Does this mean fifty-two (52) weeks in any one calendar year?
In Opinion No. 78-1337, we opined the sick leave provision provided at R.S. 33:1995 must be given a fireman who cannot perform duties incumbent upon him as a fireman.
Moreover, in Opinion No. 79-113, we concluded a full-time fireman or probational status (working test) would be entitled to the sick leave benefit provided at Section 1995.
We turn now to your second question, which we will address first. We construe R.S. 33:1995 as providing for fifty-two weeks of paid sick leave whenever a fireman is incapacitated by sickness or injury not brought about by his negligence or culpable indiscretion. Thus, it is our opinion that the period of sick leave provided at R.S.33:1995 would be applicable upon each occurrence of illness or injury not caused by the fireman's negligence or culpable indiscretion. We do not view the fifty-two weeks as a total period afforded during a fireman's tenure.
Next, you question whether a fireman on return to duty subsequent to a sick leave period of absence must serve a specified period of active service in order to be eligible for further sick leave.
The provision is silent in this regard. However, the fireman is only allowed to return to active duty upon termination of the illness or injury. (See Opinion 76-456 which concluded a fireman must return to work when completely recuperated whether recuperation takes longer or shorter than fifty-two week period). Therefore, if after complete recuperation and return to active service the fireman is taken ill or incurs injury, he would be again entitled to the benefit provided at Section 1995.
As to your third question, Section 1995, unlike R.S. 33:2214B, does does not limit the fifty-two weeks to one calendar year. We do not view the sick leave period at R.S. 33:1995 as limiting the fifty-two week period to a calendar year.
Trusting this will serve in response to your inquiries, we remain
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ CHARLES L. PATIN, JR. Assistant Attorney General
CLP/cr
OPINION NUMBER 80-471
May 13, 1980
90 — POLITICAL SUBDIVISIONS — OFFICERS, AGENTS EMPLOYEES
A policeman is allowed sick leave benefits for 52 weeks a year whenever he is actually sick or injured, whether or not the disability occurred while in the performance of his duties.
Nick A. Congemi Detective Sergeant City of Kenner 1801 Williams Boulevard Kenner, Louisiana
Dear Sergeant Congemi:
This opinion responds to your request wherein you pose the following questions relating to R.S. 33:2214(B):
 (1) If an employee calls in sick with a headache for eleven divided or separate days, is he entitled to pay for the eleventh day or any day thereafter for minor ailments such as a stomachache or cold?
 (2) If an employee while off duty breaks his arm and is out from work for one month, does he get paid for ten days or one month?
 (3) Does the injury or illness have to be job related before he is entitled to compensation in accordance with R.S. 33:2214(B)?
 (4) What dictates "when the conditions actually warrant"?
The reason that you ask the above questions is because your department allows each employee ten days sick leave while R.S.33:2214(B) grants 52 weeks a year. All of the interrogatories that you have asked have been answered by the court in Hoffpauier v. City of Crowley, 241 So.2d 67 (App. 1970).
Under R.S. 33:2214(B), a policeman is actually accorded sick leave for 52 weeks a year. In other words, even if his ailment keeps him out of work for more than ten days, he is allowed sick leave under the terms of the statute in question. Therefore, in answer to your first and second questions, each of those employees would be allowed sick leave beyond the ten days.
According to the above cited case, an injury or illness does not have to be job related in order to receive sick leave benefits. The court held that "the Legislature intended for it [i.e. R.S. 33:2214
(B)] to apply to all employees of the police department, whether or not the disability occurred while in the performance of their duties." Therefore, the answer to your third question is in the negative.
Finally, the answer to your fourth question is also addressed in the Hoffpauir case. The court held that "the words `when the conditions actually warrant' were intended to refer to the employee's physical condition or disability." In short, an employee is entitled to sick leave benefits whenever he is actually sick or injured.
In conclusion, it is the opinion of this office that a policeman is allowed sick leave benefits for 52 weeks a year whenever he is actually sick or injured, whether or not the disability occurred while in the performance of his duties.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ Philip A. Costa Staff Attorney
PAC:jf
OPINION NUMBER 87-295
October 6, 1987
71-1-1 . . . Municipal Fire Police Civil Service LSA-R.S. 33:1995
LSA-R.S. 33:1995 does not prohibit firemen from engaging in part-time employment while receiving sick leave. Fireman is entitled to sick leave benefits even though the injury or illness may have occurred while he was off duty.
Mr. B. R. Breland Chief, Monroe Fire Department Post Office Box 71 Monroe, Louisiana 71201
Dear Chief Breland:
You requested an opinion from this office concerning sick leave and the use of said leave by firefighters. In your first question you asked whether firemen who are receiving sick leave benefits should be allowed to work on various part-time jobs for monetary gain. LSA-R.S. 33:1995
address entitlement to sick leave. It provides:
 Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
In accordance with the quoted provision, firemen to whom this provision applies are entitled to full pay during sickness or incapacity not brought about by their own negligence or culpable indiscretion. This statute does not prohibit firemen from engaging in part-time employment while receiving sick leave benefits is a determination which should be governed by local rules and regulations relative to the application, granting of and use of sick leave benefits, the nature of the illness and other related issues. However, it is conceivable that a fireman could be incapable, because of an injury or illness, of other less strenuous duties and activities required in other types of employment.
You also asked if firemen are entitled to sick leave benefits when they are injured on part-time jobs while "off duty". LSA-R.S.33:1995 does not limit a fireman's entitlement to sick leave benefits to those instances when he is injured or becomes ill while performing his duties as a fireman. It simply states that he is entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion. Thus, it is the opinion of this office that a fireman is entitled to sick leave benefits even though the injury or illness may have occurred while he was off duty.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ CASSANDRA A. SIMMS Assistant Attorney General
CAS:wm