818 So.2d 1068 (2002)
Sidney LASYONE
v.
Greg PHARES and the City of Baton Rouge.
No. 2001 CA 1785.
Court of Appeal of Louisiana, First Circuit.
May 22, 2002.
*1069 Kathryn Wyble, Baton Rouge, Counsel for Plaintiff/Appellee Sidney Lasyone.
Dawn N. Guillot, Baton Rouge, Counsel for DefendantsAppellants Greg Phares and the City of Baton Rouge.
Before: CARTER, C.J., CLAIBORNE[1] *1070 and LANIER,[2] JJ.
IAN W. CLAIBORNE, Judge Pro Tem.
Plaintiff, Sidney G. Lasyone, instituted this suit against the City of Baton Rouge and Police Chief Greg Phares to recover a sum of money alleged to be due to him as "sick leave" benefits under the provisions of La. R.S. 33:2214(B). Judgment was rendered by the trial court in favor of plaintiff, and defendants have appealed.

FACTS AND PROCEDURAL HISTORY
There is no dispute as to any of the pertinent facts. In June of 1994, plaintiff was injured while serving as a police officer for the City of Baton Rouge and subsequently filed a claim with the Office of Workers' Compensation. On August 5, 1995, the Office of Workers' Compensation issued a judgment awarding plaintiff benefits for temporary total disability and all medical expenses incurred as a result of the injury. Beginning in September 1995, plaintiff was paid extended sick leave benefits pursuant to La. R.S. 33:2214(B) for a period of sixteen weeks. On January 30, 1996, Police Chief Greg Phares received a report from plaintiff's treating physician stating that it was his medical opinion that plaintiff was permanently disabled from gainful employment and could not return to his position with the Baton Rouge Police Department. The following day, Chief Phares forwarded correspondence to plaintiff and his attorney refusing to extend his sick leave benefits beyond February 2, 1996. On February 3, 1996, plaintiff applied for retirement and subsequently received his retirement benefits.
Plaintiff filed a petition in district court on September 19, 1997, alleging that he was owed the remainder of the 52 weeks of sick leave pay as mandated under La. R.S. 33:2214(B). Cross-motions for summary judgment were filed, and the judge granted plaintiff's motion awarding the remaining weeks of sick leave due, subject to an offset for any workers' compensation payments received.

LAW AND ANALYSIS
This dispute essentially revolves around the proper interpretation of La. R.S. 33:2214(B) which grants sick leave to city police officers. The pertinent part of La. R.S. 33:2214(B), as amended by Act 97 of 1968, provides:
Each employee of the police departments... shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two weeks during any calendar year when the conditions actually warrant. Any police department employee who draws such full pay during sick leave shall have such pay decreased by the amount of worker's compensation benefits actually received by such employee.
Plaintiff was granted extended sick leave benefits pursuant to 33:2214(B) that continued for 16 weeks until February 2, 1996. He now suggests that the statute entitles him to receive sick leave for an additional 36 weeks which remained unpaid after the cutoff date of February 2, 1996. In support of this contention, he argues that the language "shall be entitled" creates a mandatory 52-week sick leave pay period. Defendants argue that the phrase "when conditions actually warrant" in the statute, vests in the chief of police the authority to determine when a *1071 police officer is entitled to the benefits of La. R.S. 33:2214(B), and as such, the chief of police may terminate those benefits at his discretion.
The trial court found for plaintiff, stating in its reasons that nothing in the statute suggests that it is in the discretion of the chief of police to determine "when conditions actually warrant" or that the statute only applies to employees who will be subsequently returning to work.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. See La. Civ.Code art. 9. It is a recognized rule of statutory construction that the court must give the words of a law their generally prevailing meaning (except that words of art or technical terms must be given their technical meaning). See La. Civ.Code art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. Civ.Code art. 12. Furthermore, the meaning of words or phrases may be ascertained by the words and phrases with which they are associated. Words of general meaning should be applied only to such classes of things of the same general kind as those specifically mentioned. Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 894 (La.1993). When the language is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ.Code art. 10.
It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Sanchez v. Sanchez, 582 So.2d 978, 980 (La.App. 1st Cir. 1991). The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless. Barrilleaux v. NPC, Inc., 98-0728, p. 4 (La.App. 1st Cir.4/1/99), 730 So.2d 1062, 1065, writ denied, 99-1002 (La.5/28/99), 743 So.2d 672.
Finally, if a statute is not clear on its face, the meaning must be determined. Statutory interpretation is the province of the judiciary. The paramount consideration in interpreting a statute is ascertaining the legislature's intent and the reasons that prompted the legislature to enact the law. Southlake Development Co. v. Secretary of the Department of Revenue and Taxation for the State of Louisiana, 98-2158, p. 4 (La.App. 1st Cir.11/5/99), 745 So.2d 203, 205, writ denied, 99-3405 (La.2/4/00), 754 So.2d 235.
Plaintiff cites Hoffpauir v. City of Crowley, 241 So.2d 67 (La.App. 3d Cir. 1970), writ denied, 257 La. 457, 242 So.2d 578 (1971).[3] In Hoffpauir, a former policeman appealed a judgment denying him sick leave pay under La. R.S. 33:2214(B) rendered in favor of the City of Crowley dismissing his claim for full sick leave benefits under La. R.S. 33:2214(B). The Court of Appeal, Third Circuit, reversed, finding that the legislature intended that the word "shall," included in the provisions of La. R.S. 33:2214(B), made that provision mandatory and that plaintiff was entitled to receive the full 52 weeks of sick pay even though plaintiff was formally retired. Hoffpauir, 241 So.2d at 71. We agree with Hoffpauir that the provision which states that the employee "shall be entitled to and given with full pay a *1072 sick leave aggregating not less than 52 weeks" provides a statutory guaranty of full pay as sick leave benefits for 52 weeks after the employee becomes disabled. La. R.S. 33:2214(B) also provides, however, that any such sick pay received shall be reduced by the amount of worker's compensation benefits actually received. Although Hoffpauir dealt with disability retirement rather than regular retirement, we find nothing in the statute to suggest a different conclusion on that basis.
We now turn to defendants' contention that the statutory language, "when conditions actually warrant" grants the chief of police the power to terminate sick leave pay under La. R.S. 33:2214(B).
Nothing in the statute itself suggests that it is in the discretion of the chief of police to decide when sick leave benefits pursuant to La. R.S. 33:2214(B) are to be commenced or terminated. Interpretation of the applicable law is not at the sole and unreviewable discretion of the chief of police. Ultimately, it is the function of the courts. We hold that the words "when conditions actually warrant" call for a factual determination not a discretionary call on the part of the chief of police. Any decision on the part of the chief of police based on the facts depends on the evidence available. The Hoffpauir case, however, determined that "when conditions actually warrant" applies to an officer's physical condition or disability, "whether or not the disability occurred within the performance of the officer's duties." Hoffpauir, 241 So.2d at 70. The opinion of the employee's treating physician is to be given great weight when determining "when conditions actually warrant." We conclude that the statutory language refers not to the discretion of the chief of police to terminate sick leave pay but to whether or not physical disability exists to justify the application of the mandatory provisions of La. R.S. 33:2214(B). It is a fact question, subject to judicial review.
We, therefore, conclude that the trial court did not err in rendering judgment for plaintiff, awarding him the remainder of his sick leave pay offset by any workers' compensation payments received. Costs of this appeal in the amount of $263.12 are assessed against defendants.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] Judge Walter I. Lanier, Jr., retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[3] There is apparently no other reported case on the issue.