Dear Mr. Walters:
You have requested the opinion of this office on several issues pertaining to the payment of sick leave to municipal police department employees under LSA-R.S. 33:2214. Your opinion request has been assigned to me for consideration and response. The facts relevant to the questions you ask, which were related to this writer through your letter and by oral communication, are as follows:
 A Slidell police department employee was injured in an automobile accident on May 5, 1989. She was on duty at the time of the accident which was caused by the negligence of a third party. The officer though worked up until July 7, 1991, at which time she became unable to work. As of that date she had 740 accumulated hours of sick leave through the City of Slidell. The officer began receiving Worker's Compensation benefits on July 14, 1991, and has been receiving such benefits ever since. The police officer utilized the 740 hours of sick leave which she had previously accumulated with the City. The police officer never applied for sick leave from the City and, therefore, was not paid any of the fifty-two weeks of sick leave available to her under LSA-R.S. 33:2214.
With regard to these facts you then ask:
 1-) Under such circumstances, is the police officer only entitled to 52 weeks for sick leave?
 2-) Under such circumstances, is the police officer entitled to 52 weeks plus her accumulated sick leave with the City of Slidell?
 3-) Under such circumstances, is the police officer entitled to receive two-thirds of her salary through Worker's Compensation benefits and to receive an additional one-third by adding her accumulated sick leave to that total and, once that has been totally used, to start on the 52 week period set out by Section 2214?
 4-) Is the City entitled to reimbursement from the third party for sick leave paid under Section 2214?
 5-) Is the Worker's Compensation insurer or the City of Slidell entitled to reimbursement for all Worker's Compensation benefits paid?
The statute relevant to your request, LSA-R.S. 33:2214, provides in pertinent part:
 B. Each employee of the police departments of the municipalities covered by this Subpart, except the city of Westwego, shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two weeks during any calendar year when the conditions actually warrant. Any police department employee who draws such full pay during sick leave shall have such pay decreased by the amount of worker's compensation benefits actually received by such employee.
 C. (1) When the cause for the granting of such sick leave is injury or disease sustained under circumstances creating in some third person other than the municipality a legal liability to pay damages in respect thereto, the municipality may bring suit against such third person to recover any amount which it has paid to its employee as sick leave under the provisions of this Section. If either the employee or the municipality brings suit against such third person, he or it shall forthwith notify the other in writing of this fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
 (2) In the event the municipality or the employee becomes party plaintiff in a suit against such third person and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the municipality for the sick leave actually paid shall take precedence over that of the employee. If the damages are not sufficient or are sufficient only to reimburse the municipality for the sick leave which it has paid, such damages shall be assessed solely in its favor. However, if the damages are more than sufficient to so reimburse the municipality and to also reimburse it any other sums due it by such third person under the Worker's Compensation Act, then the excess shall be assessed in favor of the employee, the liability of the municipality for additional sick leave beyond that already paid, insofar as relates to such injury or disease, shall cease to the extent of the amount actually so paid by such third person to the employee.
 I.
In response to your first question, the sick leave provision of LSA-R.S. 33:2214(B) is mandatory. Imbornone v. Dept. of Police,471 So.2d 274 (La.App. 4th Cir. 1985). Thus, municipal police department employees are entitled to at least fifty-two weeks of sick leave in any calendar year, with full pay, when the conditions actually warrant. The determination of whether conditions actually warrant the taking of sick leave in any particular situation is one which must be made by the employer. As previously stated by this office, municipalities and/or municipal police departments may establish policies or rules and regulations which address the use of sick leave or those conditions which warrant the use of sick leave. Atty. Gen. Op. No. 88-296. Thus, in answer to your first query the police officer is entitled to fifty-two weeks of sick leave if conditions actually warrant, subject to any reasonable local rules, regulations or policies.
 II.
In response to your second question, the employee is entitled to fifty-two weeks of paid sick leave, if conditions actually warrant, subject to any reasonable rules and regulations established by the City for the taking of sick leave. Accumulated sick leave benefits which are granted by the City should also be paid in accordance with the City's rules and regulations concerning such leave. Furthermore, it is the opinion of this writer that, because the sick leave benefits granted under Section 2214 are mandatory and constitute a vested right, the fifty-two weeks of sick leave granted by that statutory provision should be utilized first with any accumulated leave used after the fifty-weeks have been exhausted. As you indicated in your letter, the police officer in question did not apply for sick leave as required by the City's rules and regulations but she did utilize the 740 hours of accumulated leave which she had. Once her accumulated sick leave was utilized, she should still be entitled to use the fifty-two weeks of sick leave granted under Section 2214B. The entitlement in Section 2214B, however, is only applicable for one calendar year from the time that the employee becomes unable to work. In this instance, more than a calendar year has elapsed since the police officer in question was first put on sick leave and, thus, the officer is no longer entitled to sick leave under Section 2214B.
 III.
In regard to your third question, as indicated in your letter of request the accumulated sick leave which is paid to the officer, pursuant to the municipality's sick leave policy, should be supplemental to amounts received by the officer through Worker's Compensation. Otherwise, the officer would receive double compensation for those 740 hours and would run afoul of the constitutional prohibition of Article 7, Section 14 of the Louisiana Constitution of 1974, which generally prohibits the donation of public funds. Thus, the officer is entitled to receive two-thirds of her salary through Worker's Compensation benefits and to receive an additional one-third through her accumulated sick leave until it is exhausted. Further, if the officer had utilized her fifty-two weeks of leave after utilizing her accumulated leave, those sick leave payments would have been reduced by the amount of Worker's Compensation benefits actually received by the officer as required by Section 2214B.
 IV.
As to your fourth question, Section 2214C.(1) specifically provides authorization for the City to file suit against any third party, who may be responsible for the injury or disease inflicted upon the employee in question, in order to recover amounts paid to the employee as sick leave under Subsection B.
 V.
The order of priority for apportioning damages recovered from a third party, who is found to be liable for injury or disease inflicted upon an employee, is provided for in LSA-R.S.33:2214C.(2), which is set forth above. Subsection C.(2) specifically authorizes reimbursement to the municipality sums due it by the third party under the Worker's Compensation Act after amounts paid for sick leave are recouped.
In conclusion, it is the opinion of this office that a municipal police department employee is entitled to fifty-two weeks of sick leave during a calendar year, with full pay, if conditions actually warrant. The municipality and/or police department in question may set up rules and regulations for the payment of such sick leave. This benefit is mandatory and should be paid prior to the use of locally granted sick leave benefits subject to any applicable rules and regulations adopted by the municipality. Under Section 2214B., the full pay received by the employee must be reduced by any Worker's Compensation benefits actually received. The accumulated sick leave payments made to the disabled employee should be supplemental to those amounts received through Worker's Compensation, which together should total the amount of full pay due the employee. The City may sue to recover sick leave benefits paid to the employee if there is a third party who may be liable for the injury or disease inflicted upon the employee. Finally, the City may be reimbursed for amounts due under the Worker's Compensation Act if sufficient funds are recovered from the third party, under LSA-R.S. 33:2214C.(2).
I hope that this has sufficiently answered your questions. If you require any further information, please do not hesitate to call on this office.
Respectfully submitted,
 RICHARD P. IEYOUB Attorney General
 BY: GINA M. PULEIO Staff Attorney
RPI/GMP/pb/1907o