745 So.2d 203 (1999)
SOUTHLAKE DEVELOPMENT COMPANY, King's Cross, Inc., and Cross Gates, Inc.
v.
SECRETARY OF the DEPARTMENT OF REVENUE AND TAXATION FOR the STATE OF LOUISIANA.
No. 98 CA 2158.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
Writ Denied February 4, 2000.
*204 Barbara M. Ballard, Baton Rouge, Counsel for Defendant/Appellant, John Neely Kennedy, Secretary, Department of Revenue and Taxation for the State of Louisiana.
Stephanie B. Laborde, Baton Rouge, Counsel for Plaintiffs/Appellees, Southlake Development Company, King's Cross, Inc., and Cross Gates, Inc.
David C. Loeb, Jack E. Morris, Gretna, Counsel for Amicus Curiae on behalf of The Homebuilders Association of Greater New Orleans, Inc.
Before: GONZALES, FITZSIMMONS and WEIMER, JJ.
GONZALES, J.
This case presents a res nova issue. We must determine whether the definition of "inventory" includes immovable property for purposes of an ad valorem tax exemption under La. R.S. 47:6006.
The appellees, Southlake Development Company, King's Cross, Inc., and Cross Gates, Inc., (collectively referred to as "The Developers") are in the business of purchasing undeveloped acreage and subdividing it for the purpose of re-selling residential lots to individuals and to builders for the construction and sale of homes. Southlake, on the advice of its accountant, determined that it was entitled to the inventory tax credit newly created by the legislature in La. R.S. 47:6006. Accordingly, Southlake deducted the ad valorem taxes paid on such property from its total state tax bill for the years 1993-1996. In 1996, Southlake received a notice of tax due from the Department of Revenue and Taxation in connection with these deductions.
On May 2, 1996, Southlake filed a petition with the Louisiana Board of Tax Appeals for redetermination of a refund denial for corporate income and franchise tax period 1995/1996. On May 25, 1996, King's Cross, Inc. filed a petition with the Louisiana Board of Tax Appeals for redetermination of corporate income tax assessments for the periods of 1994 and 1995. On September 18, 1996, Cross Gates, Inc. filed a petition with the Louisiana. Board of Tax Appeals for a redetermination *205 of corporate income tax assessments issued for the periods of 1993 and 1994 and franchise tax for 1996.
These three matters were consolidated by the Louisiana Board of Tax Appeals, and a trial on the merits was held by the Board of Tax Appeals on November 20, 1996. A judgment was rendered by the Louisiana Board of Tax Appeals, granting the refund requested by Southlake and dismissing the assessments against King's Cross, Inc. and Cross Gates, Inc.
The Department of Revenue and Taxation filed a petition in the Twenty-Second Judicial District Court for review of the decision of the Louisiana Board of Tax Appeals. The Twenty-Second Judicial District Court affirmed the Louisiana Board of Tax Appeals' decision.
The Department of Revenue and Taxation appeals the judgment of the Twenty-Second Judicial District Court and makes the following assignments of error:
1. The Board of Tax Appeals erred when it ruled that immovable property owned by real estate developers is "inventory" pursuant to La. R.S. 47:6006, so that ad valorem taxes paid on this immovable property are subject to the tax credit granted by the statute.
2. The Board of Tax Appeals erred when it ruled that real estate developers are "manufacturers," "wholesalers," or "retailers" pursuant to La. R.S. 47:6006, thereby qualifying for the inventory tax credit granted by the statute.
3. The Twenty-Second Judicial District Court erred when it determined that there is no legal authority in Louisiana law for the position that immovable property is not "inventory."
4. The Twenty-Second Judicial District Court erred when it determined that a real estate developer is a "manufacturer," "wholesaler," or "retailer" pursuant to the definitions provided by the Louisiana legislature in La. R.S. 47:6006, so that real estate developers are entitled to the inventory tax credit granted in the statute.

THE STANDARD OF REVIEW
We review this case as the second court of appellate review. The Twenty-Second Judicial District Court is vested with the power of review of the decisions of the board of tax appeals. La. Const. Art. V, § 16; La. R.S. 47:1434-35. A court of appeal has appellate jurisdiction of all civil matters. La. Const. Art., § 10; La. R.S. 47:1435.
The parties herein agree that there is no factual dispute. They further agree that this is a res nova issue, and purely a legal question of the proper interpretation of La. R.S. 47:6006. Our review therefore is de novo in the sense that we give no deference to the legal conclusions of the tribunals below. We are free to make our own determinations of the correct legal meaning of the statute. While the trial court remains the original forum for solving factual and legal issues, the Louisiana Constitution expressly extends the jurisdiction of appellate courts in civil cases to the review of facts as well as law. Gonzales v. Xerox Corporation, 320 So.2d 163, 165 (La.1975).

INTERPRETATION OF THE STATUTE
If a statute is not clear on its face, the meaning must be determined. Statutory interpretation is the province of the judiciary. We have long held that the paramount consideration in interpreting a statute is ascertaining the legislature's intent and the reasons that prompted the legislature to enact the law. Legislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute. Theriot v. Midland Risk Insurance Company, 95-2895 (La.5/20/97), 694 So.2d 184, 186.
One particularly helpful guide in ascertaining the intent of the legislature is the *206 legislative history of the statute in question and related legislation. Laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject. We give harmonious effect to all acts on a subject when reasonably possible. Theriot, 95-2895, 694 So.2d at 186.
Where there is any doubt about the intent or meaning of a law in derogation of long accepted rules, the statute is given the effect that makes the least rather then the most change in the existing body of the law. Moreover, the time honored maxim, expressio unius et exclusio alterius is yet another helpful guide. It teaches us that when the legislature specifically enumerates a series of things, the legislature's omission of other items, which could have been easily included in the statute, is deemed intentional. And we have held that the legislature is presumed to act with full knowledge of well-settled principles of statutory construction. Theriot, 95-2895, 694 So.2d at 186-187.
Further, in interpreting the statutes, we begin from the well-settled premise that taxing statutes must be strictly construed against the taxing authority. Where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted. However, exemptions from taxation are strictly construed and must be clearly, unequivocally and affirmatively established. Goudchaux/Maison Blanche, Inc. v. Broussard, 590 So.2d 1159, 1161 (La.1991).
The case herein involves a tax credit rather than an exemption. However, irrespective of whether it is termed an exemption, deduction or credit, the taxpayer is relieved of a tax burden and, thus, we see no distinction. Ethyl Corporation v. Collector of Revenue, 351 So.2d 1290, 1293 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1035 (La.1978).
The Developers assert that "it is well settled that developers and contractors are considered manufacturers, distributors, and retailers of the real estate developments, homes, and buildings they construct." The Developers further assert that "It is patently unfair for real estate developers to be legally classified as manufacturers, distributors, and retailers when such classification enures to their detriment, i.e., in redhibition suits, but to be denied that classification when it would enure to the developers' benefit."
However, it is well settled that laws regulating the collection of taxes are sui generis and constitute a system to which the general provisions of the Civil Code have little, if any application. Church Point Wholesale Beverage Co. v. Tarver, 614 So.2d 697, 708 (La.1993).

THE STATUTE AT ISSUE
Louisiana Revised Statute 47:6006 provides in pertinent part:
A. There shall be allowed a credit against the corporate and personal income taxes and the corporation franchise tax for ad valorem taxes paid to political subdivisions on inventory held by manufacturers, distributors, and retailers. No credit shall be allowed for ad valorem taxes collected under the provisions of R.S. 47:1961.2 and paid to political subdivisions by those retailers who have collected the taxes from the persons to whom the inventory has been sold.
B. Credit for taxes paid by corporations shall be applied to state corporate income and corporation franchise taxes. Credit for taxes paid by unincorporated persons shall be applied to state personal income taxes. The taxpayer shall be entitled to a refund for any allowable credit which exceeds the aggregate tax liability of the taxpayer for the taxes imposed by Chapter 1 and Chapter 5 of Subtitle II of this Title. The secretary shall make such refund to the taxpayer in the amount to which he is entitled from the current collections of the taxes *207 collected pursuant to Chapter 1 and Chapter 5 of such Subtitle II.
C. The term "manufacturer" as used herein means a person engaged in the business of working raw materials into wares suitable for use or which gives new shapes, qualities, or combinations to matter which already has gone through some artificial process. The term "distributor" as used herein means a person engaged in the sale of products for resale or further processing for resale. The term "retailer" as used herein means a person engaged in the sale of products to the ultimate consumer.
D. The credit provided in this Section shall be allowed as follows:
(1) For inventory taxes paid to political subdivisions on or after July 1, 1992, and before June 30, 1993, the credit shall be twenty percent of such taxes paid.
(2) For inventory taxes paid to political subdivisions on or after July 1, 1993, and before June 30, 1994, the credit shall be forty percent of such taxes paid.
(3) For inventory taxes paid to political subdivisions on or after July 1, 1994, and before June 30, 1995, the credit shall be sixty percent of such taxes paid.
(4) For inventory taxes paid to political subdivisions on or after July 1, 1995, and before June 30, 1996, the credit shall be eighty percent of such taxes paid.
(5) For inventory taxes paid to political subdivisions on or after July 1, 1996, the credit shall be one hundred percent of such taxes paid, [footnote omitted]

ASSIGNMENT OF ERROR NO. 1
Southlake claims that it is due a refund because it should be able to claim a tax credit, pursuant to La. R.S. 47:6006, on ad valorem taxes paid on real estate it holds for sale, which Southlake characterizes as "inventory." The Department of Revenue takes the position that real estate is not "inventory," as used in La. R.S. 47:6006, and that real estate developers are not "manufacturers," "wholesalers," or "retailers" pursuant to the statute.
We must determine whether "inventory," for purposes of the ad valorem tax exemption, includes real estate. Louisiana Revised Statutes 47:6006 does not define "inventory." Thus, since the issue is ad valorem taxes, we look to the Louisiana regulations on ad valorem taxes. See La. R.S. 47:1511 which authorizes the promulgation of reasonable rules and regulations which have the full force and effect of law. The Louisiana Administrative Code, Volume 10, Title 61, Revenue and Taxation, Part V, Ad Valorem Taxation, Chapter 17, Inventories, provides in pertinent part:
§ 1701. Guidelines for Ascertaining the Fair Market Value of Inventories
A. Definition of inventory
The term "inventory" is defined as the aggregate of those items of tangible personal property which are:
1. held for sale in the ordinary course of business;
2. are currently in the process of production for subsequent sale;
3. are ultimately to be consumed in the production of goods or services to be available for sale; or
4. are utilized in marketing or distribution activities.
B. The term "inventory" embraces the following:
1. Goods Awaiting Sale
Goods or commodities awaiting sale which include, but, are not limited to: the merchandise of a retail or wholesale concern; the finished goods of a manufacturer; commodities from farms, mines and quarries; goods which are used or trade-in merchandise and byproducts of a manufacturer.
2. Work in Process

*208 Goods or commodities which are in the course of production, i.e., work in process.
3. Raw materials and Supplies
Goods which will be consumed or used in either the Louisiana manufacturing process or in any other manner by the taxpayer, directly or indirectly. This category would include, but not be limited to: raw materials, supplies, repair parts, expendable tools and samples.

* * * * * *
These Louisiana regulations on levying ad valorem taxes on inventory require that the term "inventory" encompass only "personal property." Personal property does not include real estate. Black's Law Dictionary 1217 (6th ed.1990) provides that personal property is "[i]n broad and general sense, everything that is the subject of ownership, not coming under denomination of real estate."
Thus, under the Louisiana taxation statutory and regulatory scheme, we find that "inventory" does not include immovable property held by real estate developers for resale.
The Developers argue that the federal tax structure provides support for the reasonableness of the trial court's conclusion that real estate can constitute inventory for purposes of La. R.S. 47:6006. The Developers contend that the federal tax structure requires taxpayers to treat land held for sale in the ordinary course of business as inventory, citing 26 U.S.C. § 1221.
It is true that, where our laws are patterned on federal law, our courts may look to the federal jurisprudence in the interpretation and application of such laws. Landry and Passman Realty, Inc. v. Beadle, Swartwood, Wall & Associates, Inc., 303 So.2d 761, 763 (La.App. 1st Cir.1974), writ denied, 307 So.2d 631 (La.1975). However, we have not found any indication that La. R.S. 47:6006 is patterned after the federal jurisprudence, nor have the parties pointed out to us any indication that La. R.S. 47:6006 is patterned after federal law; therefore, resort to federal law is not appropriate in this case.
We find that the Board of Tax Appeals was legally wrong in finding that immovable property held by real estate developers for resale constituted inventory under La. R.S. 47:6006.
Therefore, for the foregoing reasons, the trial court judgment is REVERSED. Costs are assessed against the Developers.