LMcMANUS, Judge.
PROCEDURAL HISTORY
Mildred Hall, Lee White, Willie Mae Williams and other Plaintiffs filed a class action lawsuit on June 8, 1999, against the Zen-Noh Grain Corporation (Zen-Noh). The Plaintiffs alleged personal injuries, property damage, and nuisance from grain dust emissions being discharged by Zen-Noh’s facility in St. James Parish.
On August 31, 1999, Zen-Noh filed a Third Party Demand against various corporations with facilities around the St. James area. Among those included in the Third Party Demand are: Occidental Chemical Corporation, Cargill, Inc., Delta Bulk Terminal, Lafarge Corporation, Web *205 er Marine, IC Railmarine Corporation, Martin Marietta Materials, Inc., CS Metals of Louisiana, L.L.C., and St. James Steve-doring.
Zen-Noh, as third party plaintiff, alleged that the injuries sustained by the Plaintiffs were caused by the negligence of the above-named Third Party Defendants who are solidarily liable to Zen-Noh for all of the alleged injuries and damages sustained by the Plaintiffs.
The third party defendants filed Exceptions of No Cause of Action, which were sustained by the trial court. Zen-Noh appealed the judgment of the trial court, and this Court affirmed in part, reversed in part, and remanded the case to the trial court. See, Hall v. Zen-Noh Grain Corporation, 00-151 (La.App. 5 Cir. 9/26/00), 769 So.2d 769.
| ?This Court’s first opinion allowed Zen-Noh the opportunity to amend the Third Party Demand to allege a cause of action against the Third Party Defendants for any grain related discharges. The opinion issued a clear directive to Zen-Noh that it could state a cause of action against these Third Party Defendants if it could allege, in good faith, that they were grain-producing corporations that were also allegedly responsible for the Plaintiffs’ injuries.[1]
Subsequently, Zen-Noh filed a Second Supplemental and Amending Third Party Demand on November 6, 2000. The amended Third Party Demand added the following language vis-a-vis this Court’s first opinion:
Zen-Noh files this Third Party Demand due to the fact that, if Plaintiffs have sustained personal injuries and property damage resulting from exposure to “dust and other particular material,” or from “grain dust” and “other particular material,” which is at all times denied, said “dust” and/or “grain dust” and other particulate material(s) were in fact a synergistic accumulation or combination of grain dust as well as other dust particles and particulates ... .by all of the Third Party Defendants.
In response, six of the Third Party Defendants filed Exceptions of No Cause of Action, and the trial court again sustained the exceptions. At the hearing on the exceptions, the trial court stated:
I took the opinion of the Fifth Circuit as Zen-noh [sic] having an opportunity to amend its pleadings to allege a cause of action for grain-related activities, and obviously, from the amendment, you have not raised any cause of action for grain-related activities, and as such, the claims are going to again be dismissed without leave to amend the petitions.
From the judgment granting the Third Party Defendants’ Exceptions of No Cause of Action to the Second Supplemental and Amending Petition, Zen-Noh has filed this appeal.
FLAW AND ANALYSIS
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1231 (La.1993). In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id.
*206 In this Court’s first opinion, we allowed Zen-Noh the opportunity to amend its Third Party Demand to allege grain related injuries resulting from the other Third Party Defendants. Zen-Noh has failed to do so. The Second Supplemental and Amending Third Party Demand does not conform to the requirements of La. C.C.P. art. 1111, which states:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
Zen-Noh’s Second Supplemental and Amending Third Party Demand does not state a cause of action against the Third Party Defendants that would hold them liable for all or part of the principal demand. The principal demand alleges injuries from grain-dust discharge. The Plaintiffs’ principal demand alleges only grain-dust related injuries from only the Zen-Noh St. James Parish facility. None of the exceptors are grain-producing corporations. This Court has already allowed Zen-Noh to expand the class of Defendants to include Cargill, Inc., Delta Bulk •Terminal, Inc., and Weber Marine-three Third Party Defendants who do operate grain-related facilities. However, we refuse to expand the class of defendants to include non-grain related corporations when the Plaintiffs’ petition only alleges grain related injuries.
We are aware of Zen-Noh’s argument that the Plaintiffs were wrong in their allegations. According to Zen-Noh, the Plaintiffs’ alleged injuries are actually a result of the synergistic combination of all the dust/particulate discharges from the named Third Party Defendants. As was stated in this Court’s first opinion, if the “synergistic | combination” theory is in fact true, then this is a defense for Zen-Noh at trial. Nevertheless, such a theory is not a viable cause of action suitable for a Third Party Demand. La. C.C.P. art. 1111 does not allow a Third Party Plaintiff to expand the plaintiffs principal demand.
Considering all of the above, we find that the trial court correctly granted the Third Party Defendants’ Exceptions of No Cause of Action as to Zen-Noh’s Second Supplemental and Amending Petition. The judgment of the trial court is affirmed. All costs of this appeal are to be assessed against Zen-Noh.
AFFIRMED.

. This Court's first opinion reversed in part because Zen Noh did allege that three of the Third Party Defendants, Weber Marine, Car-gill, Inc., and Delta Bulk Terminal, Inc. were grain-dust-producing Third Party Defendants. As to the non-grain-dust-producing Third Party Defendants, this Court affirmed the trial court's grant of the Exceptions of No Cause of Action.