848 So.2d 115 (2003)
Joan Martin Ory, Wife of/and Ernest J. ORY
v.
A.V.I. CONSTRUCTION, INC. and ABC Insurance Company.
No. 03-CA-72.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
*116 Jack E. Morris, Metairie, Louisiana, Counsel for Defendant/Appellant, A.V.I. Construction, Inc.
David C. Loeb, Daniel E. Zelenka, II, Milling Benson Woodward, L.L.P., New Orleans, LA, for Defendant/Appellant, The Homebuilders Association of Greater New Orleans, Inc.
E. Jeffrey Perilloux, LaPlace, LA, for Plaintiffs/Appellees, Joan Martin Ory, Wife of/and Ernest J. Ory.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Appellant, A.V.I. Construction, Inc. (A.V.I.), appeals a judgment against it in favor of plaintiffs Mr. and Mrs. Ernest J. Ory (Orys) for construction defects in their home. On appeal, A.V.I. filed Peremptory Exceptions of No Cause of Action, No Right of Action, and Prescription, arguing that the Orys' exclusive remedy against A.V.I. is under the New Home Warranty Act, LSA-R.S. 9:3141 et seq., and not in redhibition, as the Orys' suit is styled, and that a suit under the New Home Warranty Act (NHWA) is prescribed. In the alternative, A.V.I. argues that if this court finds that the Orys' petition states a cause of action under redhibition (LSA-C.C. art. 2520 et seq.), that action is also prescribed. A.V.I. also argues, in the appeal, that the judgment awarding damages to the Orys is contrary to the law and evidence because the defects are the result of normal wear and tear. The Orys argue in brief that the New Home Warranty Act does not apply, that redhibition applies to this case, and that they are entitled to additional damages.[1]
Upon review of the entire record and applicable law, we conclude that the NHWA provides the exclusive remedies in this suit. Therefore, we grant A.V.I.'s Exception of No Cause of Action regarding redhibition. We further conclude that under the NHWA, the Orys' suit is prescribed. We grant A.V.I.'s Exception of Prescription, and dismiss this appeal.
The Orys purchased a home from A.V.I. located at 68 Country Club Drive in LaPlace, Louisiana in March of 1995.[2] A.V.I. built the home. Several months after they moved in, but within one year from the transfer of title, around late December of 1995, the Orys noticed hairline cracks in the sheetrock of several rooms. They notified Sam Bordelon (Bordelon), owner of A.V.I., about the cracking. He came over to the house on January 19, 1996, to see the cracking. Bordelon sent two people from Delta Drywall to the Orys' house on January 23, 1996, to perform repairs. Mrs. Ory was unhappy with the scope of the repairs and asked the workers to leave. After further conversations between Mr. Bordelon and Mr. Ory regarding *117 the repairs, workers performed additional taping, floating, and drywall repairs in March of 1996. At the time, according to Mr. Bordelon, Mr. Ory was pleased with the repairs, but when the painters went back to finish the job by painting the walls, Mrs. Ory would not let them finish. Both Mr. and Mrs. Ory were concerned that only the visible cracks had been repaired. They believed that the repair work was mostly cosmetic and were concerned that future cracking would appear.
Though the testimony of the Orys and Bordelon differs about that incident, it was an undisputed fact that the last time any workers from A.V.I. worked on the sheetrock problems was in March of 1996. The Orys requested that Bordelon give them a check to pay for repairs that they would supervise themselves, but Bordelon did not agree with this proposal. Bordelon testified that he was ready, willing, and able to fix the problems, but that Mrs. Ory had repeatedly turned away his workers, and eventually he believed that nothing he did would make her happy.
The Orys hired a lawyer, who sent three letters to Mr. Bordelon between October of 1996 and October of 1997. The Orys also got several estimates to repair the drywall, at the request of their attorney. These estimates, dated January 13, 1997, April 15, 1997, and an updated estimate dated August 17, 2000, showed the costs for repairing corner bead in many locations in the house. The Orys filed their petition on July 16, 1998, alleging that the defects in the sheetrock constituted redhibitory defects. At trial, the Orys acknowledged that there were no structural defects in the home, but that the corner bead was defectively installed.
Following a bench trial on November 2, 2001, the trial court signed a judgment on March 5, 2002, awarding plaintiffs damages pursuant to LSA-C.C. art. 2545 (redhibition) in the sum of $3,538.20 and attorney's fees in the amount of $1,000.00.

EXCEPTIONS
A.V.I. filed, in the appellate court, Peremptory Exceptions of No Cause of Action, No Right of Action, and Prescription. A.V.I. asserts that the Orys' claims against A.V.I. arise out of cracks in the sheetrock in a home constructed and sold to them by A.V.I. As such, A.V.I. argues that the Orys' claims are limited to the "exclusive remedies, warranties, and prescriptive periods" provided by the NHWA, LSA-R.S. 9:3141 et seq., LSA-R.S. 9:3150. Therefore, pursuant to R.S. 9:3150, the Orys' Petition fails to state a cause of action against A.V.I. for redhibition, and the Orys have no right of action against A.V.I. for redhibition. Additionally, A.V.I. argues that under LSA-R.S. 9:3146, the Orys' action to enforce a new home warranty is perempted and/or prescribed because the Orys filed their Petition more than "thirty days after the expiration of the appropriate time period provided in La. R.S. 9:3144."
Alternatively, in the event the court concludes that the Orys' Petition states a cause of action for redhibition and that the Orys have a right of action against A.V.I. for redhibition, A.V.I. argues that the Orys' action for redhibition is prescribed pursuant to LSA-C.C. art. 2534 because the Orys filed their Petition more than one year from the day A.V.I. delivered the home to them, more than one year from the day they discovered the alleged defects in the home, and more than one year from the day A.V.I. tendered the home back to them and notified them of A.V.I.'s refusal and inability to make additional repairs.
Art. 2163 of the Code of Civil Procedure states that the appellate court may consider the peremptory exception filed, as a separate pleading, for the first time in that court, if pleaded prior to a submission of *118 the case for a decision, and if proof of the ground of the exception appears of record. Sowers v. Dixie Shell Homes of America, Inc., 33,390 (La.App. 2 Cir. 5/15/00), 762 So.2d 186. If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. C.C.P. art. 2163. The plaintiffs have not demanded the remand of the case for trial of the exceptions of prescription. We find that proof of the grounds for the exceptions appear in the record.
The Peremptory Exception of No Cause of Action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Hall v. Zen-Noh Grain Corp., 01-766 (La.App. 5 Cir. 11/27/01), 803 So.2d 203, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
The Orys respond that since A.V.I. was both the builder and the seller of the home, the NHWA does not provide their exclusive remedy and that they may proceed against A.V.I. in redhibition, citing Garner v. Louisiana Housing, 2000-2226 (La.App. 4 Cir. 9/26/01), 798 So.2d 295, writ denied, 2001-2888 (La. 1/25/02), 807 So.2d 250. Plaintiffs' reliance on Garner, however, is misplaced. Garner involved the sale of a mobile home. Jurisprudence has held that mobile homes are not subject to the NHWA. See e.g. Dalme v. Blockers Manufactured Homes, Inc., XXXX-XXXX (La.App. 3 Cir. 1/25/01), 779 So.2d 1014, writ denied XXXX-XXXX (La.6/15/01), 793 So.2d 1248.
In LSA-R.S. 9:3141, the NHWA defines the following pertinent terms:
For purposes of this Chapter the following words, phrases, and terms shall be defined and construed as follows:
(1) "Builder" means any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.
(3) "Home" means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
(4) "Initial purchaser" means any person for whom a home is built or the first person to whom a home is sold upon completion of construction.
(6) "Owner" means the initial purchaser of a home and any of his successors in title to a home during the time the warranties provided under this Chapter are in effect.
(7) "Warranty commencement date" means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first.
The Orys purchased the home from A.V.I., which built the home, upon completion of construction. It is evident from the evidence in the record that they meet the definition of "owner" and "builder," respectively, under the NHWA.
Where the cause of action has not wholly arisen from construction defects, violations of the building code, or poor *119 workmanship, Louisiana courts have determined the NHWA was not the sole remedy available to the home owner. Stokes v. Oster Development, Inc., 01-780 (La.App. 5 Cir. 1/15/02), 807 So.2d 987, citing Thorn v. Caskey, 32,310 (La.App.2 Cir. 9/22/99), 745 So.2d 653; Squyres v. Nationwide Housing, 98-8 (La.App. 3 Cir. 6/03/98), 715 So.2d 538; Melancon v. Sunshine Construction, 97-1167 (La.App. 1 Cir. 5/15/98), 712 So.2d 1011; Leon v. Deters Custom Homes, 97-0772 (La.App. 1 Cir. 4/08/98), 711 So.2d 346. The type of damage asserted by the Orys, the defective installation of the corner bead and defects in the corner bead itself, however, are the types of defects squarely addressed by the NHWA.
The Orys contend in the brief that they were not given notice of the NHWA at the closing, as per LSA-R.S. 9:3145. The trial court record is devoid of any mention of the New Home Warranty Act. LSA-R.S. 9:3145 states:
Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter. The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing.
In 1995, when the Orys purchased the home from A.V.I., R.S. 9:3145 did not contain the last sentence requiring the builder to give written notice to the homeowner of the NHWA. The statute was amended to include that provision by Acts 1997, no. 987, § 1. Because this added a substantive requirement, its application is prospective. See LSA-C.C. art. 6. In 1995, A.V.I. was not required to give the Orys notice of the provisions of the NHWA. Therefore, since there was no notice requirement at the time of the sale of this house to the Orys the lack of notice does not bar the application of the NHWA. We find that the NHWA act applies to this suit and we grant the Exception of No Cause of Action relative to the Orys' claims in redhibition.
In the Exception of Prescription, A.V.I. argues that the Orys' suit is perempted under R.S. 9:3146. The peremptive language was not added to R.S. 9:3146, however, until the passage of Acts 2001, no. 179, § 1. The Orys filed suit in 1998. The Orys rights were already vested prior to the amendment of this statute. Therefore, the amendment does not apply to the Orys' suit. At the time they filed suit, R.S. 9:3146 read:
§ 3146. Prescription
Any action to enforce any warranty provided in this Chapter shall prescribe thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.
This court notices an apparent irreconcilability between R.S. 9:3145 and 9:3146. The former statute states that before instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect. R.S. 9:3146, however, causes a homeowner's cause of action to be prescribed 30 days after the expiration of the applicable warranty period. It appears that in some cases, R.S. 9:3146 will cause a homeowner's cause of action to be prescribed before they are even required to notify the builder about it under R.S. 9:3145.
We need not reach that issue in the instant case, however, because the Orys' suit was filed well after one year from the date they discovered the defects and also *120 well after one year from the last time A.V.I. attempted any repairs. Clearly the suit is prescribed.
It is unclear whether the prescriptive period in pre-2001 R.S. 9:3146 is subject to interruption or tolling, as is the prescriptive period for redhibition, found in LSA-C.C. art. 2534(C).[3] Under the facts in this case, though, even using the provisions of art. 2534(C) by analogy, this suit is prescribed.
The Orys discovered the defects in the sheetrock, at the latest, in January of 1996. The last attempt A.V.I. made to send workers to repair the home was in March of 1996. At some point Mr. Bordelon told the Orys that he could do nothing else for them, at which time they hired an attorney, who sent three letters to Mr. Bordelon asking for a meeting to resolve the issue. Though the exact date when Mr. Bordelon stated his refusal/inability to repair the home is not established with specificity in the record, the Orys' counsel's first letter to Mr. Bordelon is dated October 11, 1996. According to the Orys' own testimony, Bordelon's notice to them of his refusal/inability to repair the home predates this letter.[4] The Orys filed suit in July of 1998, more than one year (and closer to two years) after Mr. Bordelon notified them of his refusal/inability to repair the home; more than one year after his workers' last physical presence in the home to attempt repairs; well more than one year after they moved into the house or discovered the defects.
The Orys, in brief, argue that they continued to attempt to work with Mr. Bordelon to resolve the defects and that their suit was filed less than one year after the last written correspondence with Mr. Bordelon. The record shows that the Orys' counsel's last letter was sent to Mr. Bordelon in October of 1997; however, the substance of that letter (and the two previous letters) reveals that there had been no ongoing progress in the repairs or in even setting up a meeting to discuss a remedy, since the time of the first letter in October of 1996. The Orys themselves testified that they had no further conversations with Mr. Bordelon after they secured counsel sometime in 1996. The October 1997 letter from the Orys to Mr. Bordelon cannot be considered to have interrupted prescription. It is not an acknowledgment by the obligor of the debt.
Mr. Bordelon testified that he had no conversations with the Orys after they hired their attorney in the middle of 1996, but that his contact was with the attorney. He testified that he called her after he received every letter she sent him and expressed his willingness to find a solution, and that she would call and say she would get back to him regarding setting up a meeting between him and the Orys, but never did. He never met her face to face, and no meetings were ever set up between him and the Orys.
The Orys also argue in brief that they secured the repair estimates at the request of Mr. Bordelon. This assertion, however, is contradicted by their own testimony at trial that they secured these estimates at the request of their own counsel and specifically, Mrs. Ory testified that Mr. Bordelon did not ask them to get estimates, *121 but rather refused to entertain paying the Orys to supervise the repairs themselves.
Accordingly, A.V.I.'s Exceptions of No Cause of Action and Prescription are granted, and this appeal is hereby dismissed.
EXCEPTIONS OF NO CAUSE OF ACTION AND PRESCRIPTION GRANTED; APPEAL DISMISSED.
NOTES
[1] We do not address this last contention, as the Orys neither filed their own appeal nor filed an answer to the appellant's appeal. La. C.C.P. arts.2082, 2133; TeleRecovery of Louisiana, Inc. v. Gaulon, 98-1363 (La.App. 5 Cir. 6/1/99), 738 So.2d 662.
[2] The NHWA was promulgated in 1986.
[3] C. In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.
[4] In brief, the Orys state that Mr. Bordelon never advised them, either verbally or in writing, that he was unable or unwilling to make the repairs. Their own testimonies contradict this assertion in brief.