879 So.2d 789 (2004)
Louis CILIBERTI, Jr. & Patricia Ciliberti
v.
Eric MISTRETTA and Nicole Mistretta.
No. 2003 CA 1559.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*790 Wade Petite, Gonzales, Counsel for Plaintiffs/Appellees, Louis Ciliberti, Jr. and Patricia Ciliberti.
Andre' Bourgeois, Molly McGraw, Baton Rouge, Counsel for Defendants/Appellants, Eric Mistretta and Nicole Mistretta.
Kevin Landreneau, Baton Rouge, Counsel for Third Party Defendant/Appellee, Bestbuilt Homes.
Before: WHIPPLE, KUHN, and MCDONALD, JJ.
WHIPPLE, J.
This matter is before us on appeal by defendants/third-party plaintiffs, Eric and Nicole Mistretta, from a judgment of the trial court maintaining an exception of prescription filed by Bestbuilt Homes, Inc. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On January 7, 2003, plaintiffs, Louis and Patricia Ciliberti, filed a "Petition for Rescission of Sale and for Damages" seeking to rescind a cash sale entered into on July 19, 2002 with the Mistrettas, who were "sellers" of a certain lot of immovable property and residential structure thereon. In the petition, plaintiffs contended that a sewerage blockage created a situation that led to "a severe and nauseating presence of sewerage gases being present at all times within the residence and upon the immovable on which the residence sits." Plaintiffs contended that the sewerage blockage and resulting problems constituted a redhibitory defect, and that plaintiffs would never have entered into the contract of sale had they known of the defect. Plaintiffs prayed that the July 19, 2002 sale be rescinded, that the purchase price be returned to them, and that damages and attorneys fees be awarded.
*791 On March 6, 2003, the Mistrettas filed an Answer and Third-Party Demand naming as third-party defendant Bestbuilt Homes, Inc. ("Bestbuilt"), the manufacturer/builder of the home. The Mistrettas claimed that they had purchased the home directly from Bestbuilt, and had experienced one plumbing-related incident involving the subject premises that was subsequently reported to and repaired by Bestbuilt in late September or early October of 1996. Accordingly, the Mistrettas asked that the suit be dismissed, or alternatively, that in the event they were deemed liable on the main demand, their third-party demand against Bestbuilt be granted and judgment rendered in their favor for damages, attorneys' fees, expenses and costs.
In response, Bestbuilt filed an Exception of Prescription and alternative Answer to the Third Party Demand, asserting that any claims set forth by the Mistrettas had prescribed pursuant to the provisions of LSA-R.S. 9:3144,[1] the New Home Warranty Act ("NHWA"), and LSA-C.C. art. 2534. The matter was heard before the trial court on May 30, 2003, and after considering the pleadings, evidence, and argument of counsel, the trial court rendered judgment on June 4, 2003, maintaining the exception of prescription in favor of Bestbuilt, and dismissing the third party claims of the Mistrettas with prejudice.

THE APPEAL
The Mistrettas filed the instant devolutive appeal, contending that the trial court erred in dismissing their third-party claim against Bestbuilt as prescribed under the provisions of the NHWA. The Mistrettas contend that their claims for negligent misrepresentation and/or detrimental reliance and request for indemnification are independent and separate causes of action which the NWHA cannot exclude as a matter of law. The Mistrettas further contend that the trial court erred as a matter of law in applying an over-expansive interpretation of the NHWA's definition of "Owner" as neither the Cilibertis (plaintiffs) nor the Mistrettas (third-party plaintiffs) meet the definitional requirements necessary to establish either party as an "Owner" under the Act.

DISCUSSION

Assignments of Error Numbers One and Two
The standard of review controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Pratt v. Himel Marine, Inc., XXXX-XXXX, p. 7 (La.App. 1st Cir.6/21/02), 823 So.2d 394, 400.
*792 In these assignments, the Mistrettas do not challenge the trial court's finding that their third-party claims were prescribed under the NHWA. Instead, they contend that the trial court erred in failing to recognize their right to seek relief under alternative theories of recovery, i.e., negligent misrepresentation, detrimental reliance, and indemnification, which they argue are separate and independent causes of action not governed by the provisions of the NHWA. Bestbuilt counters that because the Mistrettas did not allege negligent misrepresentation or detrimental reliance in their third-party demand, or raise these arguments before the trial court, these claims are waived and the Mistrettas are prohibited from raising them on appeal for consideration by this court in the first instance.
The Mistrettas' Third Party Demand set forth the following allegations against Bestbuilt:
II.
In the event third-party plaintiffs are held liable to plaintiffs for any redhibitory defects in the subject premises, then Bestbuilt Homes, Inc. is concomitantly liable unto third-party plaintiffs as their predecessor in title because Bestbuilt Homes, Inc. was the manufacturer/builder of the subject property and is therefore legally presumed to know of the existence of any such "defects" therein.
III.
Third-party plaintiffs had earlier purchased said premises directly from third-party defendant, Bestbuilt Homes, Inc., and had one plumbing-related complaint with the subject premises, which arose shortly after the premises were delivered to them for habitation and which complaint was tendered for repair to Bestbuilt Homes, Inc. and thereafter was ostensibly repaired.
The NHWA was enacted in 1986 and codified in LSA-R.S. 9:3142, et seq., for the purpose of "providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes." LSA-R.S. 9:3141. The NHWA provides a "warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty provisions provided herein." LSA-R.S. 9:3141. The NHWA also provides that "all provisions of this Chapter shall apply to any defect although there is no building standard directly regulating the defective workmanship or materials." LSA-R.S. 9:3141.
Most importantly, the NHWA provides the exclusive remedies, warranties, and peremptive periods as between the builder and owner relative to home construction and statutorily sets forth that no other provisions of law relative to warranties and redhibitory vices and defects shall apply. LSA-R.S. 9:3150. Further, LSA-C.C. art. 2520, which governs claims in redhibition, specifically states in Comment (e) that, "[t]he Articles on redhibition do not apply to hidden defects discovered in a new home governed by the New Home Warranty Act, R.S. 9:3141-3150."
Nonetheless, on appeal, the Mistrettas assign as error the trial court's granting of the exception of prescription and dismissal of their third-party claim for relief under alternative theories of negligent misrepresentation and/or detrimental reliance. At the outset, as noted by counsel for Bestbuilt, we recognize that the Mistrettas' *793 third-party demand does not assert a demand for relief on these theories.
At the hearing of this matter before the trial court on May 30, 2003, the trial court asked counsel for the Mistrettas, on at least two occasions during the hearing, what cause of action they would proceed under if the NHWA did not apply. The following colloquy occurred:
THE COURT: Let me ask you this question: If the New Home Warranty Act does not apply, as you all claim, then what is your cause of action?
[COUNSEL]: But do we put it in a vacuum?
THE COURT: What is your cause of action? What are you seeking indemnity under?
[COUNSEL]: Well, that would be just under general equitable principles.
* * *
THE COURT: But here's my question one more time: Let's assume the New Home Warranty Act does not apply.
[COUNSEL]: Okay.
THE COURT: What cause of action or right of action do you have to proceed six years later?
[COUNSEL]: Well 
THE COURT: Redhibition has prescribed, all right, so 
[COUNSEL]: Well, I'm not sure redhibition has prescribed because of my prescription articles, I believe it was toldFirst, I think it was acknowledgment by the builder when they went out to repair and then prescription
Thereafter, the trial court dismissed the Mistrettas' claims "as prescribed according to the New Home Warranty Act." Thus, as Bestbuilt correctly notes, the Mistrettas did not allege negligent misrepresentation and/or detrimental reliance theories against Bestbuilt; instead, the Mistrettas argued they were entitled to indemnification for redhibitory defects, if proven, under "general equitable principles."
The Mistrettas argue that "indemnification" constitutes a separate and independent cause of action, which cannot be excluded by the NHWA, as a matter of law.[2] In support of their argument, the Mistrettas cite Nassif v. Sunrise Homes, Inc., 98-3193 (La.6/29/99), 739 So.2d 183. In Nassif, the home owner brought an action in redhibition to recover damages for a defective foundation against the seller, Sunrise Homes, Inc., and the real estate developer who built the house. The builder/developer filed a third-party demand against the engineering firm that designed the foundation of the house for full indemnity for any and all sums for which the builder/developer was held liable to the home owner on the main demand.
However, the sole issue for review in Nassif was whether a defendant, whose liability to a plaintiff for the plaintiff's attorneys fees resulted from the actual fault of another, could recover, by way of indemnity, the amount of such attorneys fees from the party actually at fault, given the general rule that attorneys fees are not allowed except where authorized by statute or contract.
In Nassif, the home owner brought an action in redhibition against the builder/developer to recover for a foundation defect, and the builder/developer filed a third-party demand against the engineering firm that negligently designed the *794 foundation of the house, for "full indemnity" for all sums for which the builder/developer was deemed "technically liable." Nassif, 98-3193 at p. 2, 739 So.2d at 185. On appeal, the Supreme Court affirmed the award of full indemnification to the home owner, but reversed the appellate court's deletion of attorneys fees that the trial court had included in the judgment in favor of the builder/developer and against the negligent engineer. In doing so, the Supreme Court reasoned as follows:
"[W]e conclude that the equitable principle of restitution applies in an action for indemnity to allow a defendant who is only technically or constructively liable for a plaintiff's loss to recover from the party actually at fault the attorney fees it was compelled to pay the plaintiff, even in the absence of a statute or contract of indemnification. This measure of relief is in accordance with the long standing principle that "[i]ndemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to one primarily responsible for the act that caused the damage." (Citation omitted).
Nassif, 98-3193 at pp. 6-7, 739 So.2d at 18-188.
While the Court in Nassif stated that an action in indemnity is a "separate substantive cause of action, independent of the underlying wrong, and distinct from an action for attorneys fees," Nassif, 98-3193 at p. 5, 739 So.2d at 186-187, we do not find Nassif dispositive of the issues presented in this appeal. We find Nassif distinguishable from the instant case because in Nassif: (1) the claims arose prior to the enactment of the NHWA; and (2) the underlying suit was filed in redhibition and thus, was governed by the applicable redhibition law at the time, not the provisions of the NHWA. Moreover, we deem it significant that the contractor who sought indemnification from its engineering firm had timely filed his independent claim against the engineer for indemnity based on a breach of contract between the engineer and the builder/developer, not a homeowner and builder. Nassif, 98-3193 at p. 1, 739 So.2d at 184.
Because the NHWA provides the exclusive remedies, warranties, and peremptive periods as between the builder and owner relative to home construction and specifies that no other provisions of law relative to warranties and redhibitory vices and defects shall apply, we reject the Mistrettas' contention that their third-party claim was preserved under a theory of indemnity. See LSA-R.S. 9:3150.
These assignments lack merit.

Assignment of Error Number Three
Lastly, the Mistrettas argue that they are not subject to the exclusivity provisions of the NHWA because they are not suing the builder as an "owner" in a main demand but, rather, as non-owners asserting a claim for indemnity in the third-party demand. "Owner" is defined under the NHWA as "the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home during the time the warranties provided under this Chapter are in effect." LSA-R.S. 9:3143(6). The Mistrettas claim that, in addition to not being "owners" because they no longer own the home, the peremptive warranties guaranteed by the NHWA for the plumbing system expired prior to the date of sale.[3] Thus, the Mistrettas argue, since they do not meet the definitional requirements of an "owner," their claims are not within the purview of the NHWA.
*795 Contrariwise, Bestbuilt maintains that the NHWA contemplates that the remedies against the builder are limited to the NHWA for all purchasers of a home constructed by the builder and sold to an initial purchaser. In support, Bestbuilt cites Ory v. A.V.I. Construction, Inc., 2003-72 (La.App. 5th Cir.5/28/03), 848 So.2d 115.
In Ory, the plaintiffs claimed that since A.V.I. was both the "builder" and the "seller" of the home, the NHWA did not provide their exclusive remedy and that they could proceed against A.V.I. in redhibition. Ory, 2003-72 at pp. 5-6, 848 So.2d at 118. After reviewing the record, the appellate court determined that the Orys and A.V.I. met the definitional requirements of "owner" and "builder" respectively, under the NHWA. Ory, 2003-72 at p. 6, 848 So.2d at 118. The court noted that where the cause of action had not wholly arisen from construction defects, some courts had determined that the NHWA was not the sole remedy available to home owners. Ory, 2003-72 at p. 7, 848 So.2d at 118-119. However, the court concluded that the type of damage asserted by the Orys therein, i.e., the defective installation of the corner bead, was squarely addressed by the NHWA. Ory, 2003-72 at p. 7, 848 So.2d at 119. The appellate court maintained A.V.I.'s exception of no cause of action as to any alleged claim in redhibition, concluding the suit was subject to the provisions of the NHWA, and maintained A.V.I.'s exception of prescription, as the Orys' suit was not timely filed under the provisions of the NHWA. Ory, 2003-72 at pp. 7-10, 848 So.2d at 119-121.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. See LSA-C.C. art. 9; Lasyone v. Phares, XXXX-XXXX, pp. 3-4 (La.App. 1st Cir.5/22/02), 818 So.2d 1068, 1071. It is a recognized rule of statutory construction that this court must give the words of a law their generally prevailing meaning. See LSA-C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12. Furthermore, the meaning of words or phrases may be ascertained by the words and phrases with which they are associated. Words of general meaning should be applied only to such classes of things of the same general kind as those specifically mentioned. Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 894 (La.1993). When the language is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. LSA-C.C. art. 10.
Further, it is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given each such provision, and that no unnecessary words or provisions were used. McDonald v. Louisiana State Board of Private Investigator Examiners, XXXX-XXXX, p. 3 (La.App. 1st Cir.2/23/04), 873 So.2d 674, 675, 2004 WL 324978. The meaning of a statute is to be interpreted by looking to all sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless. Barrilleaux v. NPC, Inc., 98-0728, p. 4 (La.App. 1st Cir.4/1/99), 730 So.2d 1062, 1065, writ denied, 99-1002 (La.5/28/99), 743 So.2d 672.
Finally, if a statute is not clear on its face, the meaning must be determined. Statutory interpretation is a province of the judiciary. The paramount consideration in interpreting a statute is ascertaining the legislature's intent and *796 the reasons that prompted the legislature to enact the law. Southlake Development Company v. Secretary of the Department of Revenue and Taxation for the State of Louisiana, 98-2158, p. 4 (La.App. 1st Cir.11/5/99), 745 So.2d 203, 205, writ denied, 99-3405 (La.2/4/00), 754 So.2d 235.
Keeping in mind the rules of statutory interpretation outlined above, we recognize that the statute defines "owner" as "the initial purchaser of a home and any of his successors in title ..." (Emphasis added). See LSA-R.S. 9:3143(6). The parties do not dispute that the Mistrettas were the initial purchasers of the home or that the Cilibertis subsequently purchased the home from the Mistrettas. Applying the plain language of the statute, we conclude the Mistrettas are clearly considered the "owner" as defined by the NHWA.
Further, we conclude that the Mistrettas' third-party claim falls squarely within the purview of the NHWA. Alleged defects in the plumbing system are squarely addressed by the two-year warranty provision of the NHWA. See LSA-R.S. 9:3144(A)(2); Ory, 2003-72 at p. 7, 848 So.2d at 119. To accept the Mistrettas' strained statutory interpretation would render the NHWA and its prescriptive periods meaningless. For example, new-home purchasers who became aware of a defect after the tolling of the prescriptive period could simply sell the home to another "owner" and circumvent the statutory prescriptive periods by waiting to be sued and then claiming they were not covered by the act as they were no longer the "owner."
Such an interpretation would virtually eliminate any legal effect of the NHWA. Interpreting the sections of the statute as a whole, the NHWA contemplates that the remedies against the builder are limited to the NHWA for initial and subsequent purchasers of the home.
This assignment lacks merit.

CONCLUSION
We find no error in the judgment of the trial court maintaining Bestbuilt's Exception of Prescription, and dismissing the Mistrettas' claims with prejudice. Accordingly, for the above and foregoing reasons, the June 4, 2003 judgment of the trial court maintaining the Exception of Prescription, and dismissing Eric and Nicole Mistretta's claims against Bestbuilt Homes, Inc. is affirmed. Costs of this appeal are assessed against the appellants.
AFFIRMED.
NOTES
[1] Louisiana Revised Statutes 9:3144(A) provides that the builder warrants the following to the owner:

(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(3) Seven years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship regulated by building standards. (Emphasis added.)
As such, Bestbuilt contended that any claims set forth by the Mistrettas related to the plumbing system were subject to a two-year prescriptive period.
[2] "Indemnification" is defined by Black's Law Dictionary as "1. The action of compensating for loss or damage sustained. 2. The compensation so made." Black's Law Dictionary 772 (7th ed.1999).
[3] Pursuant to LSA-R.S. 9:3144(A)(2), the warranty period for a plumbing system complaint is two years following the warranty commencement date.